KAYE HONG AND DOROTHY S. HONG, PETITIONERS
*v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 106–91. Filed February 8, 1993.

---

*Douglas G. Miller,* for petitioners.
*Wesley F. McNamara,* for respondent.

## OPINION

RUWE, *Judge:* This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 183.[1] After a review of the record, we agree with and adopt her opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This case is before us on petitioners' motion for attorney's fees. This case is consolidated for purposes of filing objections to motions for costs, briefing, and opinion with several other cases in which motions for costs have been filed, all of which have common elements. Since this case contains an issue not present in the other consolidated cases, we have severed it for purposes of this opinion only.

Respondent determined that petitioners were liable for an addition to tax under section 6659(a) in the amount of $11,758.62 for 1984 and under the same section in the amount of $1,014.90 for 1986. Issue was joined, and the parties entered into a stipulation of settled issues in which they agreed that there were no additions to income tax under section 6659(a) due from petitioners for either 1984 or 1986.

Petitioners filed a motion for attorney's fees. The parties then entered into a settlement stipulation in that regard. The parties stipulated regarding the requirements of section 7430 that (1) Petitioners have substantially prevailed in the case; (2) respondent's position in the notice of deficiency was not substantially justified; (3) petitioners have exhausted the

---

[1] Section references are to the Internal Revenue Code in effect for cases commenced on the filing date of the petition herein, Jan. 2, 1991; Rule references are to the Tax Court Rules of Practice and Procedure.

administrative remedies available within the Internal Revenue Service; and (4) petitioners have not unreasonably protracted the Court proceeding.

The two issues open for our decision are (a) whether the net worth limitations of section 7430(c)(4)(A)(iii) preclude petitioners from an award of legal costs, and, (b) if not, how the reimbursement rate for legal fees should be computed. The parties have agreed as to the latter issue to be bound by the final decision in *Huffman v. Commissioner*, T.C. Memo. 1991-144, affd. in part, revd. in part and remanded 978 F.2d 1139 (9th Cir. 1992). We address only the net worth issue herein.

Petitioners, husband and wife, resided at Honolulu, Hawaii, at the time of filing their petition herein. Petitioners have each supplied affidavits to the effect that as of the date of the filing of the petition, their individual net worth did not exceed $2 million. Respondent's position is that the $2 million limit incorporated in section 7430 applies to the combined net worth of petitioners. Petitioners filed a joint Federal income tax return, received a joint notice of deficiency, and filed a joint petition herein. Petitioners' position is simply that the $2 million net worth limitation applies to each individual, and that neither of them has a net worth of $2 million or more. They concede that their combined net worth is greater than $2 million.

Section 7430(c)(4)(A)(iii), in defining a "prevailing party", incorporates the net worth requirements of 28 U.S.C. section 2412(d)(2)(B). The latter section provides that "party" means "(i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed".

Rule 231(b)(5) requires a statement, supported by an affidavit executed by the moving party (and not counsel therefor), that the moving party meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B), if applicable. Each petitioner has supplied such an affidavit, and although respondent contends they are not sufficiently specific, we hold that they meet the requirements of our Rule. Thus, each of the individual petitioners had a net worth less than $2 million at the time they filed the petition.

This is a matter of first impression in this Court, and we have been unable to locate any other court which has addressed this issue.

The Supreme Court, in *United States v. American Trucking Associations,* 310 U.S. 534, 542-543 (1940) (quoting *Ozawa v. United States,* 260 U.S. 178, 194 (1922)), set forth some general principles of statutory interpretation:

> In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress. * * *
>
> There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words. * * * [Fn. refs. omitted.]

Applying these principles to the case at bar, the language of 28 U.S.C. section 2412(d)(2)(B)(i) refers to "an individual", not to "the plaintiffs", "the petitioners", or "the complainants". The words refer to separate individuals, not to the marital community. We find nothing ambiguous in the statutory language and accordingly feel controlled by the clear language. Neither do we find that our interpretation of the statute arrives at a result that is absurd or futile. Lastly, there is nothing in the legislative history of either section 7430 or 28 U.S.C. section 2412 which leads us to conclude that our result is an unreasonable one at variance with the policy of the legislation. In fact, the legislative history of the latter statute confirms that "an individual whose net worth did not exceed $2,000,000 at the time the adjudication was initiated" meets the requirement. The legislative history adds: "As used in this section the term 'individual' means a natural person." H. Rept. 99-120 (Part I), at 14 (1985). We accordingly look to the net worth of each individual petitioner. Since each had a net worth under $2 million, each is entitled to legal costs.

Respondent points to a proposed amendment to section 7430, which will apply to proceedings commenced after the date of enactment of the bill, which provides that individuals filing a joint return shall be treated in general as one individual for purposes of the net worth requirement. Pro-

posed Revenue Act of 1992, H.R. 11, 102d Cong., 2d Sess. sec. 4914, sec. 4814 of the Senate version. Obviously, proposed legislation that has yet to be (and may never be) enacted ordinarily is not helpful in interpreting existing statutory language. Furthermore, the proposed legislation by its terms is prospective; it will apply only to proceedings commenced after such time as it may be enacted.

Respondent contends further that if the two spouses file a joint petition to the Tax Court, they constitute one of the two parties, the other being the respondent. Respondent goes on to argue that if such spouses were treated separately, then a full award could be awarded to the less wealthy spouse where the other spouse's separate net worth exceeded the $2 million limit. We do not find respondent's arguments compelling.[2] We also note respondent's argument that there is but one tax when the parties file a joint return, and that accordingly joint return filers should be treated as one individual. This argument we also find less than compelling and simply note that respondent holds each of those individuals both jointly and severally liable for the joint tax. The plain fact of the matter is that petitioners are not one individual; they are two individuals.

In any event, the statutory language is clear, and we hold that petitioners meet the net worth requirements for recovery of their costs. The only remaining issue to be decided is the rate at which the cost award should be made. In this regard, we note that the parties have stipulated that they will be bound by a final decision in *Huffman v. Commissioner,* T.C. Memo. 1991-144, affd. in part, revd. in part and remanded 978 F.2d 1139 (9th Cir. 1992), and that although that case is not yet final in that the Court of Appeals for the Ninth Circuit has reversed in part and remanded, the Court of Appeals has agreed with respondent and held that the 75-dollar-per-hour fee set forth in section 7430 was to be adjusted for the cost-of-living adjustment pursuant to section 7430(c)(1)(B)(iii) based upon the Consumer Price Index since January 1, 1986.

---

[2] It does not necessarily follow that the spouse who meets the net worth requirements would be awarded the full amount of litigation costs, regardless of the fact that such costs were incurred for the benefit of both spouses.

To give effect to the foregoing,

*An appropriate order will be issued.*

