JON J. PRAGER AND NANCY M. PRAGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prager v. Commissioner
Docket No. 7874-93
United States Tax Court
T.C. Memo 1994-420; 1994 Tax Ct. Memo LEXIS 428; 68 T.C.M. (CCH) 524; August 22, 1994, Filed *428 For petitioner: Stuart E. Horwich. For respondent: Karen E. Chandler. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] After a review of the record we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on petitioner Nancy M. Prager's (hereafter petitioner) Motion for Litigation and Administrative Costs. Respondent mailed to petitioners in January of 1993 a notice of deficiency in which she determined that petitioners were liable for additions to tax for 1984 as follows: Sec. 6653(a)(1)
$   790
Sec. 6653(a)(2)
9,262
Sec. 6661(a)
3,950
The notice resulted from one or more Tefra audits. Respondent did not determine *429 a deficiency in the notice, but made an assessment against petitioners according to Tefra provisions. The notice of deficiency contained no information or attachments to indicate the basis for the determination of the additions. Petitioners, who resided at Potomac, Maryland, timely filed their petition herein on April 20, 1993. In the petition petitioners alleged that the deficiency notice was invalid because it was based upon invalid notices of final partnership administrative adjustments (FPAA's). [2] Alternatively, petitioners, citing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), alleged that the deficiency notice was invalid because respondent did not calculate the tax that arose as a result of the FPAA's by reference to petitioners' 1984 tax return, but instead assessed the tax liability at the highest marginal rate. Further, petitioners alleged that the additions to tax, based upon the improper tax liability figure determined by respondent, were incorrect because petitioners' share of the adjustments arising from the FPAA's did not result in an increase in their tax liability for their *430 1984 year, a year in which they reported losses. [3] Petitioners alleged that respondent abated the tax assessment she had made against petitioners that arose from the FPAA's, but that respondent did not, however, agree to rescind the notice of deficiency although counsel for petitioners requested respondent to do so. Respondent in her Answer filed June 21, 1993, denied the allegation that the Tefra assessment had been abated "for lack of present information". Petitioners on September 30, 1993, moved to dismiss for *431 lack of jurisdiction or in the alternative for summary judgment. The matter was set for hearing on November 17, 1993, at which time petitioners moved to withdraw their motion, stating that the parties had arrived at a settlement. The stipulation of settlement provided that petitioners were not liable for any of the determined additions to tax. Thereafter, petitioner Nancy M. Prager filed a motion for litigation and administrative costs. We address the motion for costs. Respondent has filed her objections to the motion for costs, accompanied with a memorandum of law in support of her position, and petitioner has filed her reply and a supplement thereto. We see no reason for an evidentiary hearing on this matter. See Rule 232(a)(3). The parties agree that the determination by respondent in this case came as a result of an FPAA issued by respondent in regard to one of three partnerships with which petitioners were involved, and the adjustment arises out of the AUC partnership. Neither party has enlightened this Court any further about the background of the FPAA other than it was not contested. The deficiency notice was issued for the additions to tax as affected items resulting *432 from the FPAA. The parties also agree that petitioner Jon J. Prager has a net worth in excess of $ 2,000,000, and respondent has conceded that petitioners have exhausted their administrative remedies. All other requirements for an award of costs to be made pursuant to section 7430 are in controversy. Section 7430 allows this Court to award reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioner (1) must have exhausted all administrative remedies available, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of "prevailing party" as set forth in section 7430(c)(4)(A), and (4) must show that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioner must establish all of the above elements in order to recover such an award. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). In order to be considered a prevailing party, petitioner must establish that the position of the United States in the proceeding was not substantially justified, that she has substantially prevailed with respect *433 to both the amount in controversy and the most significant issue or issues presented, and that she satisfied the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1988) on the date the petition was filed. Sec. 7430(c)(4)(A). Petitioner attached to her motion for costs an affidavit averring as follows: On April 20, 1993, the date on which the petition in the case Jon J. Prager and Nancy M. Prager v. Commissioner, Tax Court Docket No. 7874-93 was filed, my net worth did not exceed $ 2,000,000.
Respondent in her opposition contended that petitioner's affidavit did not suffice, and subsequently, petitioner provided respondent and the Court with a balance sheet disclosing a net worth less than $ 2,000,000. We find that petitioner has satisfied the net worth requirement. Further, the fact that petitioner Jon J. Prager's net worth is in excess of $ 2,000,000 does not eliminate petitioner Nancy Prager's right to an award of costs. Hong v. Commissioner, 100 T.C. 88 (1993). Petitioner's right to an award for costs, however, is limited to costs which she herself has incurred. We stated in Hong v. Commissioner, supra at 92 n.2: *434 "It does not necessarily follow that the spouse who meets the net worth requirements would be awarded the full amount of litigation costs, regardless of the fact that such costs were incurred for the benefit of both spouses." Petitioner here, however, is seeking compensation for all costs incurred in this matter. Petitioner's counsel, in requesting legal fees and expenses herein averred that petitioners incurred $ 1,105 in administrative costs and $ 11,451.25 in litigation costs. Petitioner seeks an award of all these amounts. Counsel stated: No allocation of the legal fees and expense was made in this case between Petitioner Jon J. Prager and Petitioner Nancy M. Prager, and both Petitioners were jointly and severally liable to this firm for all expenses incurred in this case.
In this regard, we note that the representation letter between Zapruder & Odell, counsel for petitioners, was with petitioner Jon J. Prager, alone, and does not refer to petitioner Nancy M. Prager. However, we need not decide this issue or whether petitioner substantially prevailed, with respect to either the amount in controversy or the most significant issues presented, in view of our conclusion *435 set forth below that respondent's position was substantially justified. The "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings. See sec. 7430(c)(7). The term "position of the United States", for purposes of administrative costs, means the position taken in an administrative proceeding, determined as of the date of the notice of deficiency, or if earlier, the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals. Sec. 7430(c)(7)(B). In the absence of any indication in the record that petitioner received such notice from the Office of Appeals, we look to the date of the notice of deficiency, January 21, 1993, for the "position of the United States" in regard to administrative costs. The "position of the United States" for purposes of litigation costs refers to the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a petition. Rule 20(a). That occurred on April 20, 1993. Generally, respondent initially takes a position on the date *436 she files her Answer in response to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T. C. Memo. 1991-144; Han v. CommissionerT.C. Memo. 1993-386. Respondent filed her Answer in this case on June 21, 1993. In determining whether respondent's position was substantially justified, this Court will consider the basis of respondent's position and the manner in which respondent maintained that position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). This, in turn, depends upon a finding that the position had a reasonable basis in law and fact, taking into account the facts and circumstances available to respondent at the time. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e). We *437 look now to the manner in which respondent maintained her position throughout the proceedings. Respondent was aware that the final amount of the Tefra deficiency and related additions to tax would be influenced by the outcome of the non-Tefra proceeding at docket No. 9596-91 (the other docket), which also related to petitioners' 1984 year. Petitioners had reported an overall loss for their 1984 year. Thus, whether or not petitioners would have an increase in their income and in their tax liability was not known to respondent during most of the pendency of this matter until the opinion in docket No. 9596-91 was filed on September 28, 1993, and the decision under Rule 155 was entered on May 4, 1994. We further note that respondent had determined a deficiency for 1984 in non-Tefra adjustments in the amount of $ 84,001. We consider the relationship between this case and the other docket. That docket concerned in part a consideration of petitioners' pre-Tefra investments through the AUC partnership for the years 1980 through 1982. For the year at issue in the instant case, 1984, when Tefra procedures were in effect, the continuing AUC adjustments could not be included in the deficiency *438 notice, which represented the "ticket" to the Tax Court for docket No. 9596-91 (the "other docket"). Shortly after the opinion of this Court was filed in the other docket on September 28, 1993, petitioners filed on September 20, 1993, their motion to dismiss or for summary judgment in this case. We agree with respondent that her positions in the administrative and judicial proceedings were substantially justified. The amount of a tax deficiency, if any, of petitioners was not susceptible of computation until after the opinion was filed in the other docket. Similarly, since the additions to tax are premised upon the amount of the Tefra deficiency, it was not possible to make that computation either until after the filing of the opinion in the other docket. Respondent acted reasonably and sufficiently quickly in this matter by agreeing to the stipulation of settlement prior to the November 17, 1993, hearing date. Respondent had determined a Tefra adjustment for AUC which was not contested, and accordingly determined the instant Tefra deficiency for petitioners. The fact that respondent subsequently conceded the additions to tax in the instant proceeding does not show that her *439 position was not substantially justified during either the administrative or judicial proceedings. However, it clearly remains a factor to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). We find that petitioner has failed to prove that respondent's position relating to the Tefra adjustments was not substantially justified, and we hold that petitioner is not entitled to either an award for administrative costs or an award for reasonable litigation costs. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners contended in the petition that the FPAA's were not sent to the appropriate tax matters partner (they were sent to petitioner Jon J. Prager). For purposes of their motion to dismiss, petitioners abandoned this issue.↩
3. Petitioners had another proceeding pending in this Court at docket No. 9596-91, which pertained to non-Tefra items in their 1984 year, and in which a decision was entered on May 4, 1994. See Prager v. Commissioner, T.C. Memo. 1993-452↩.