**William F. BALLHAUS, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

**No. CVN030501LRHVPC.**

United States District Court,
D. Nevada.

Sept. 29, 2004.

William F. Ballhaus, Gardnerville, NV,
pro se.

Daniel Bogden, Reno, NV, Richard
Latterell, Washington, DC, for Defendant.

## ORDER

HICKS, District Judge.

Presently before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 5) and the Defendant's Motion to Dismiss (Docket No. 8). Defendant has filed an opposition (Docket No. 12) to Plaintiff's motion. In response to Defendant's motion, Plaintiff filed an opposition (Docket No. 9), to which Defendant subsequently replied (Docket No. 11). Plaintiff has filed an additional pleading entitled, "Reply in Opposition to Defendant's Motion to Dismiss," (Docket No. 13) which appears to be a sur-reply filed in the matter. Upon review of the record and relevant law, the Court grants Defendant's motion and dismisses Plaintiff's case for lack of subject matter jurisdiction.

## BACKGROUND

The motions before the Court regard the *pro se* Plaintiff's "Petition for Justice in Income Tax Dispute Between Plaintiff and Defendant" (Docket No. 2) (hereinafter, "Complaint"). The Complaint alleges that a tax auditor failed to apply the proper regulations while conducting an audit of Plaintiff's federal income tax returns. As a result, Plaintiff alleges that the audit took twelve months longer to complete than was necessary. Plaintiff seeks an abatement of the interest assessed on his 1997 and 1998 tax liabilities, as well as reimbursement for the administrative costs he incurred in responding to the Internal Revenue Service's ("IRS") audit of his 1996, 1997, and 1998 federal income tax returns. In support of his claims for relief, the Plaintiff claims that he can

prove that the audit conducted by the IRS should have lasted only two months, but instead lasted over a year because the IRS failed to apply the correct regulations. Under the United States Code, it is possible for a taxpayer to obtain an abatement on any interest assessed against the taxpayer regarding his tax payments if the interest assessed was derived from a "deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service...." 26 U.S.C. § 6404(e). After seeking this abatement from the IRS, Plaintiff brings his claim appealing the IRS' refusal to abate the interest that it assessed for 1997 and 1998.

The Government's motion asserts three grounds for dismissal of Plaintiff's claims: 1) the Court lacks subject matter jurisdiction to review the IRS' refusal to abate interest; 2) Plaintiff fails to state a claim for abatement; and 3) Plaintiff fails to state a claim for reimbursement of his administrative expenses. The Court finds that the issue of subject matter jurisdiction is dispositive, and the Court therefore need not address the merits of Plaintiff's claims for abatement and reimbursement of his administrative expenses.

**DISCUSSION**

It is well established that, without subject matter jurisdiction, this Court has no power to determine the case before it. *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). A party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *See McGovert v. U.S.,* 2004 WL 1729953, *1 (N.D.Cal.2004). District and appellate courts have limited subject matter jurisdiction and may only hear cases "when empowered to do so by the Constitution and by act of Congress." 16 James W. Moore, *Moore's Federal Practice* § 108.04(2) (3d ed.2003). Similarly, under the doctrine of

sovereign immunity, the United States is immune from suit except to the extent that Congress has unequivocally expressed a waiver of that immunity. *LaBarge v. County of Mariposa,* 798 F.2d 364, 366 (9th Cir.1986). Where Congress has not expressed consent for suit, immunity shields the United States from liability, and the Court lacks subject matter jurisdiction. *Orff v. U.S.,* 358 F.3d 1137, 1142 (9th Cir.2004).

**I. Plaintiff's Claim for Abatement of Interest**

Several sections of the United States Code are relevant to the issue of whether this Court may hear Plaintiff's claim for abatement of the interest assessed by the IRS. The Plaintiff has brought his claims in Federal District Court pursuant to 26 U.S.C. § 7422, which provides for the recovery of "any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." Under 28 U.S.C. § 1346(a)(1), original jurisdiction is granted to district courts for resolution of actions brought under § 7422, and Courts have held that while § 1346 alone cannot be interpreted as a waiver of sovereign immunity, when viewed in conjunction with § 7422, sovereign immunity is considered waived by the United States. *See United States v. Michel,* 282 U.S. 656, 51 S.Ct. 284, 285, 75 L.Ed. 598 (1931); *Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994).

26 U.S.C. § 6404(e) authorizes the Secretary of the Treasury to grant an abatement of the interest assessed against a taxpayer which was caused by unreasonable error and delay on the part of the IRS. Plaintiff's theory of recovery is that the abatement of interest which he feels is

owed to him constitutes a "sum alleged [to be] excessive" under 26 U.S.C. § 7422, and therefore entitles him to bring his claim before the federal district court pursuant to that statute and 28 U.S.C. § 1346(a)(1). While his theory is sensible, past case law on the statutory interpretation of § 6404(e), as well as recent amendments, complicate the matter.

Section 6404(e) provides:

(1) In general.—In the case of any assessment of interest on -

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to·such an officer or employee being erroneous or dilatory in performing a ministerial or managerial act, the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

28 U.S.C. § 6404(e)(1). Prior to 1996, courts considering whether judicial review existed for § 6404 abatement decisions had interpreted the statute as doing no more than granting the Secretary of Treasury the discretion to abate the interest assessed against a taxpayer when it appeared appropriate due to contributing fault on the part of the IRS. *See, e.g. Argabright v. U.S.,* 35 F.3d 472, 475—76 (9th Cir.1994). Because the statute was interpreted as leaving this decision to the discretion of the Secretary, courts held that the agency action was not subject to judicial review due to the Administrative Procedure Act, 5 U.S.C. § 701(a) ("APA"). The APA specifies that agency decisions are not subject to judicial review where agency action is committed to agency discretion by law. *Id.* Then, in 1996, Congress passed an amendment which potentially altered this result. The amendment grants jurisdiction to the tax court to hear appeals regarding the Secretary's refusal to abate interest under § 6404(e). *See* 26 U.S.C. § 6404(h).[1]

In 2002, the Ninth Circuit considered a case in which a taxpayer seeking abatement under § 6404 sought to appeal the tax court's grant of summary judgment in favor of the IRS. *See Miller v. Commissioner of Internal Revenue,* 310 F.3d 640 (9th Cir.2002). In deciding whether the court had jurisdiction to hear such an appeal, the Ninth Circuit explained:

Prior to 1996, § 6404 did not contain any provision for judicial review of IRS decisions regarding the abatement of interest. [Therefore we have stated that] § 6404(e)(1) "gives the Commissioner complete discretion to determine whether or not to abate interest in situations in which all or part of the interest owed by the taxpayer is due to delay caused by IRS personnel." We accordingly held that, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701(a), which bars judicial review if precluded by statute or if agency action is committed to agency discretion by law, judicial review is "not available for agency action taken pursuant to 26 U.S.C.

---

1. Some of the case law which is cited below as discussing this amendment refers to it as § 6404(i), as apparently an amendment once made has since been omitted.

§ 6404(e)(1)." In 1996, however, Congress amended the statute, adding what is now § 6404(h), granting the tax court jurisdiction to determine whether the Secretary's failure to abate interest constituted an abuse of discretion.

*Id.* at 642–43 (internal citations omitted). The *Miller* court explained that, as federal appellate courts had jurisdiction by statute to review decisions of the tax court,[2] the 1996 amendment had undermined the previous decision by the court that judicial review of any kind was not available. *Id.* at 643. Thus, under the statute as interpreted by the Ninth Circuit, the tax court has jurisdiction to review the IRS' denial of a request to abate interest for an abuse of discretion. Because federal appellate review of tax court decisions is authorized by statute, the Ninth Circuit held that disputes regarding interest abatement where appropriate before the circuit courts, upon appeal from the tax court. *Id.* (citing 26 U.S.C. § 7482). The question before this Court, however, is whether the tax court has exclusive jurisdiction over the matter at the trial level, while the APA continues to preclude review of § 6404(e) appeals in the district court. If it does, then Plaintiff has asserted his claim in the wrong court, and may find relief only by first bringing suit in the tax court.

Subsequent to the 1996 amendment, several district courts considered whether the APA continues to preclude judicial review of § 6404 appeals at the district court level, and whether Congress' grant of jurisdiction to the tax court to hear these appeals was exclusive. Before 2003, all district court decisions of which this court is aware found that the tax court had exclusive jurisdiction. *See, e.g. Dogwood Forest Rest Home, Inc. v. United States*, 181 F.Supp.2d 554 (M.D.N.C.2001);[3] *Davies v. United States*, 124 F.Supp.2d 717 (D.Me. 2000); *Henderson v. United States*, 95 F.Supp.2d 995 (E.D.Wis.2000). These holdings rested largely on congressional intent as construed by the legislative record, which indicated that Congress was well-aware of the case law constraining the federal courts' ability to review the Secretary's decisions, and had intended not to disturb the *Argabright* line of cases holding that district court review was unavailable. *See, e.g., Davies v. United States*, 124 F.Supp.2d 717, 721 n. 4 (D.Me.2000). Consequently, these courts found that the grant of jurisdiction to the tax court to review decisions of the Secretary was exclusive to the tax court.

Then in 2003, the Fifth Circuit considered the issue and determined that federal district courts did indeed have jurisdiction to review § 6404(e) appeals. *See Beall v. U.S.*, 336 F.3d 419 (5th Cir.2003). In *Beall*, the Fifth Circuit essentially found that the case law prior to 1996 had been overruled by superceding legislation, and re-analyzed the law in light of the new language provided in the 1996 amendment. The court held that because of the amendment granting jurisdiction to the tax court to review the Secretary's decision regarding abatement, section 701 of the APA precluding judicial review where agency action is committed to agency discretion by law could no longer be deemed to apply to

---

**2.** "The tax court therefore now has jurisdiction to determine whether the IRS' denial of a request to abate interest is an abuse of discretion pursuant to § 6404(h). Our jurisdiction to review decisions of the tax court rests on I.R.C. § 7482(a), which, we conclude, includes decisions regarding the IRS' refusal to abate interest. *Cf. Estate of Kunze v. Comm'r,*

233 F.3d 948, 950 (7th Cir.2000) (stating that the court had jurisdiction over an appeal of the tax court's review of a denial of an abatement under § 7482(a))." *Id.*

**3.** *Dogwood* also cites numerous tax court decisions which have held similarly. 181 F.Supp.2d at 558.

§ 6404(e) appeals. *Id.* at 426–27. The court noted that prior decisions finding that the APA excluded judicial review of abatement decisions had relied on § 6404's "permissive language ... as well as the absence in that section of any substantive standards by which a court might review an agency action ...." *Id.* (citing *Argabright*, 35 F.3d 472, 475—76 (9th Cir. 1994)). Then, the *Beall* Court determined that Congress' amendment providing review in the tax court under an "abuse of discretion" standard indicated that the abatement decision was no longer committed solely to agency discretion. *Id.* at 426–27. Consequently, the Fifth Circuit found that the APA no longer barred review, and district courts had jurisdiction to hear the matter.

■ The question of law posed by this case is a matter of first impression in this circuit, and a compelling argument could be made for joining with the Fifth Circuit or with the other district courts that have considered the matter. After reviewing the case law, however, this Court holds that review of Plaintiff's claims is not proper in the district court, and his case must be dismissed upon jurisdictional grounds.

Initially, the Court notes that the *Beall* Court's finding of jurisdiction for tax abatement appeals relies substantially on the premise "that in amending section 6404, Congress clearly expressed its intent that the decision to abate interest no longer rest entirely within the Secretary's discretion." *Id.* at 426. According to the *Beall* Court, because the amendment granted review of the Secretary's decision to the tax court, the APA bar to judicial review of decisions committed solely to agency discretion by law no longer applied. *Id.* This Court disagrees, however, and concludes that neither the language of the statute nor the congressional record indicate an intent to remove § 6404 from the ambit of those agency actions not subject to judicial review in the district court. Past circuit court decisions that found the APA precluded judicial review of abatement decisions relied upon the language, structure, and legislative history of the provision, all of which demonstrated congressional intent to commit the abatement of interest to the agency's discretion. *See Selman v. United States,* 941 F.2d 1060, 1064 (10th Cir.1991); *Argabright v. U.S.,* 35 F.3d 472, 475 (9th Cir.1994). This Court notes that since the time of the *Selman* and *Argabright* decisions, no meaningful change in the language, structure, or legislative history of the statute would render obsolete the Tenth and Ninth Circuit Courts' analyses regarding jurisdiction in the federal district courts. The statute continues to speak in the "permissive, not mandatory" terms noted in *Selman:* the statute language specifies that the Secretary "may abate" interest assessments caused in whole or part by IRS error, language that contrasts with the phrasing of the next paragraph in the statute, which states that the Secretary "shall abate" the assessment of all interest on any erroneous refund checks. *Id.* The statutory language does not indicate a right to abatement or direct the Secretary to provide an abatement under specific circumstances. Consequently, the very similar statutory language on which the Tenth and Ninth Circuit previously relied in holding that abatement decisions were committed to agency discretion by law remains relevant to this Court's analysis.

The only change made by the amendment which effects the interpretation of § 6404 is the grant of jurisdiction to the tax court to hear challenges alleging an "abuse of discretion." 26 U.S.C. § 6404(h). Yet, this language itself confirms that the Secretary's authority under the statute is discretionary, even if reviewable by another court on an abuse of discretion standard. The Court is unable to

conclude that the language of the amendment, which continues to assert discretionary authority on the part of the Secretary, was intended to create a change in the APA bar on judicial review in the district courts by indicating that abatement decisions are no longer committed to the discretion of the Secretary. Such a conclusion would additionally be contrary to case law, as language providing for review based on an "abuse of discretion" standard cannot, alone, cause the agency action to fall outside of the § 701 exception provided by the APA. In *Heckler v. Chaney*, the Supreme Court stated that § 701(a)(1) was reserved to those few cases in which, although the statutory language does not expressly preclude judicial review, the section provides "no meaningful standard against which to judge the agency's exercise of discretion." *Argabright v. U.S.*, 35 F.3d 472, 475 (9th Cir.1994) (citing 470 U.S. 821, 828, 105 S.Ct. 1649, 1654, 84 L.Ed.2d 714 (1985)). The Court added that "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" 470 U.S. at 830. In contrast to other statutes which the Supreme Court has found are not precluded from judicial review, section 6404 does not involve a statute that sets clear guidelines for determining when an abatement should be given. *Compare with Heckler*, 470 U.S. at 831, 105 S.Ct. 1649. "Although the statute authorizes the Secretary to abate interest attributable to certain IRS errors or delays, it neither indicates that such authority should be used universally nor provides any basis for distinguishing between the instances in which abatement should and should not be granted." *Argabright v. U.S.*, 35 F.3d 472, 475 (9th Cir.1994) (citing *Selman v. United States*, 941 F.2d 1060, 1063 (10th Cir.1991)).

Moreover, the legislative record indicates Congress' intent to avoid changing any aspect of the law regarding judicial review of abatement issues, with the exception of adding review under a tax court. As one House Report summarized:

*Present law*

Federal courts generally do not have the jurisdiction to review the IRS's failure to abate interest.

*Reasons for change*

The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's failure to abate interest with respect to certain taxpayers.

*Explanation of provision*

The bill grants the Tax Court jurisdiction to determine whether the IRS's failure to abate interest for an eligible taxpayer was an abuse of discretion. The Tax Court may order an abatement of interest. The action must be brought within 180 days after the date of mailing of the Secretary's final determination not to abate interest. An eligible taxpayer must meet the net worth and size requirements imposed with respect to awards of attorney's fees. No inference is intended as to whether under present law any court has jurisdiction to review the IRS's failure to abate interest.

H.R.Rep. No. 104–506, at 28 (1996). An additional House Report similarly commented on the current status of the common law, stating that the courts had held there was no jurisdiction to review unless "specifically granted by statute or a standard for review has been established." *See* H.R.Rep. No. 106–566, at 28, 32 (2000). Clearly, Congress was aware of the current status of the law at the time it enacted the amendment, and was careful to do no more than specifically grant, by statute, a means of judicial review in the tax court. As explained in *Miller*, the legislative records at the time of the amendment indicate that the "then-current law did not give

federal courts jurisdiction to review the IRS' refusal to abate interest, but that Congress decided it was appropriate for the tax court to review such decisions." *Miller v. Commissioner of Internal Revenue,* 310 F.3d 640 (9th Cir.2002). Congress specified that the tax court was to review the Secretary's decisions based on an abuse of discretion standard; however, there is no indication that Congress intended that this standard or the power of judicial review also be vested in the district courts. *Davies v. U.S.,* 124 F.Supp.2d 717, 721 (D.Me.2000). As another district court noted, "[i]f anything, the legislative history indicates the opposite: that Congress believed and intended that the *Argabright* line of cases would be untouched." *Id.*

Briefly, this Court will address what it finds to be the most compelling concern raised in the *Beall* decision regarding a finding that jurisdiction to hear abatement issues is not vested in the district court. As the *Beall* Court explained, because jurisdiction in the tax court is limited to qualified small taxpayers, only those taxpayers would be able to appeal abatement decisions—larger taxpayers would not be able to seek judicial review in any court. *Beall* at 430. Although there is the appearance of injustice in the grant of review to some taxpayers and not others, this nonetheless appears to be the intent of Congress. The House Report quoted above makes it very clear that Congress was aware that only certain taxpayers could seek the relief afforded by the amendment. *See* H.R.Rep. No. 104–506, at 28 (1996) (noting the current status of the law and adding: "The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's failure to abate interest with respect to certain taxpayers"). The House Report specifies that all taxpayers seeking judicial review from the tax court must meet the eligibility criteria ordinarily required.

Clearly, the "unusual result" expressed by the *Beall* Court was contemplated in the legislation granting review to the tax court. Whether this issue itself raises constitutional issues is a matter outside of the scope of the pleadings and this litigation.

## II. Plaintiff's Claim for Administrative Expenses

■ The next issue before the Court is whether there is subject matter jurisdiction to hear Plaintiff's claim for certain administrative expenses, including the 300 hours of time Plaintiff claims was consumed by an unreasonably and unnecessarily lengthy tax audit. In this regard the Court notes that Plaintiff provides no statutory or constitutional authority vesting jurisdiction in this Court for such a suit. 26 U.S.C. § 7422, providing for recovery of any tax or sum alleged to have been wrongfully collected or excessive, clearly does not apply. As Plaintiff has provided no authority for jurisdiction, nor has the Court's independent research uncovered any such authority, Plaintiff has not met his burden of establishing that jurisdiction exists.

## CONCLUSION

In conclusion, this Court determines that it does not have subject matter jurisdiction to hear the Plaintiff's claim for abatement of the interest assessed against him by the IRS. The 1996 amendment's express grant of jurisdiction to the tax court to hear disputes regarding interest abatements created exclusive jurisdiction in the tax court at the fact-finding stage of the litigation. The Court also finds that there is no subject matter jurisdiction for redress of Plaintiff's claim for administrative expenses.

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 5) is DENIED;

It is further ORDERED that the Defendant's Motion to Dismiss (Docket No. 8) is GRANTED.

IT IS SO ORDERED.