Charles M. **BREWER** and Lavon B. Brewer, Plaintiffs,

v.

**C.R. BAUGH, District Director, Internal Revenue Service, et al., Defendants.**

**No. 04–0009–PHX–MHM.**

United States District Court, D. Arizona.

March 15, 2005.

Donald Ramon Kunz, Esq., Kunz Plitt Hyland Demlong & Kleifield PC, Phoenix, AZ, for Plaintiffs.

Jennifer A. Giaimo, U.S. Dept of Justice Tax Division, Washington, DC, for Defendants.

## ORDER

MURGUIA, District Judge.

Plaintiffs have filed a first amended complaint seeking to compel Defendants, as officers or employees of the United States or an agency thereof, to perform certain alleged non-discretionary actions pertaining to Plaintiffs' request to abate the interest due on certain tax assessments from and after December 31, 1992. (Doc. 2). Defendants have filed motions to dismiss the first amended complaint based on several grounds, including failure to name the proper defendant, failure to state a claim for relief against the Defendants in their individual capacities, insufficient service of process under Fed.R.Civ.P. 12(b)(5), and failure to allege sufficient facts to support a waiver of sovereign immunity. (Doc. 12 & 18). Plaintiffs have filed responses in opposition to Defendants' motions to dismiss. (Doc. 13 & 20). When the first amended complaint was filed, the named Defendants included C.R. Baugh, District Director, Internal Revenue Service ("IRS"); and IRS employees Gary M. Elias and Mary N. Brown. Mr. Baugh was subsequently dropped as a party defendant and Carol Boos, IRS Technical Services Area Manager, was added by way of substitution. (Doc. 11). The parties have filed supplemental briefing as ordered by the Court. (Doc. 23, 25–28). Plaintiffs have requested oral argument on all pending motions. (Doc. 22 & 29).

The Court has considered the parties' motions, responses and supporting legal memoranda and now enters the following

Order on Defendants' motions to dismiss. The Court has determined that oral argument would not materially assist in its determination of the issues. Plaintiffs' request for oral argument is denied.

Plaintiffs assert jurisdiction as based on 28 U.S.C. § 1361. Title 28, United States Code, § 1361, referred to as the Mandamus Act, *see Campos v. Immigration and Naturalization Service,* 62 F.3d 311, 313 n. 2 (9th Cir.1995), provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

### Background Facts

The first amended complaint contains the following allegations. Prior to 1991, the IRS disallowed certain losses that Plaintiffs claimed on partnership income tax returns and statutory notices of deficiency were issued. Plaintiffs contend that in August 1991, the IRS District Counsel in New York City offered to settle the dispute. Plaintiffs advised their attorneys to accept the offer of settlement. Some two years later, Plaintiffs' counsel by letter inquired as to the status of the settlement documents. Settlement documents for certain of these cases were made on or about November 7, 1995 and assessments on other cases were made in 1996 and 1997. Interest allegedly accrued on the tax liabilities in the interim.

It appears that the IRS issued notice of intent to lien and levy which Plaintiffs protested at the Southwest Appeals Office in Phoenix, Arizona in May 1997. Plaintiffs contend that since on or about July 1997, they have paid the IRS approximately five million dollars in taxes and interest, of which over one million dollars relates to matters involved in the alleged settlement with the IRS.

In February 1999, Plaintiffs filed with the IRS a Petition for Abatement of Interest. In a letter dated June 14, 2000, Mr. Baugh, District Director, advised Plaintiffs that the "request to abate interest for the 1980 through 1984 tax years" was not warranted. Plaintiffs contend that Mr. Baugh's letter made no determination as to any other tax year and contained no assertion regarding error or delay on the part of the IRS in processing the examination of the tax returns in question. In July 2000, Plaintiffs appealed this decision and sought reconsideration of the denial of abatement. Plaintiffs contend that some three years later, in a letter dated July 11, 2003, the IRS disallowed their request for abatement. Plaintiffs characterize this disallowance as the "Final Determination" by the IRS of the relief Plaintiffs had requested in or about February 1999 relating to the November 1991 settlement offer.

Plaintiffs contend in the first amended complaint that this Court has authority by way of mandamus relief to compel Defendants to perform a non-discretionary duty owed to them. Plaintiffs cite Defendants' delay in addressing their claims and further appear to be referring to the Defendants' lack of explanation in disallowing Plaintiffs' request for abatement. Plaintiffs allege in the first amended complaint that this Court has the authority "by mandamus to direct the Defendants to abate the interest which is due, as a matter of mathematics, from and after December 31, 1992..," a date thirteen months after acceptance of the settlement offer, resulting in a total interest subject to abatement of $1,116,772.00. (First Amended Complaint at ¶ 22). Plaintiffs appear to contend that they did in fact seek relief in the United States Tax Court but any remedy in that forum is not available because their net worth exceeds a certain threshold amount. In their prayer for relief, Plaintiffs have requested an Order under 28 U.S.C.

§ 1651 [1] or other applicable law "as may be meet and proper to require Defendants to make the calculations necessary to lead to an award of abatement of interest as mandated by the facts ..." (Doc. 2).

## Discussion

Defendants have asserted several grounds in support of their motions to dismiss the first amended complaint. Defendants contend that Plaintiffs have not stated a claim against the Defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiffs have responded by clarifying that no Defendant has been sued individually and that they have not sued for damages. (Doc. 13, p. 4). As indicated in the above discussion of the first amended complaint's allegations, Plaintiffs seek relief "in the nature of mandamus" against the individual Defendants.

Defendants contend that, inasmuch as they have been sued in their official capacities, the proper defendant is the United States. Defendants further contend that Plaintiffs have not effected proper service of the first amended complaint under Fed.R.Civ.P. 4(i).

 A suit against federal officers in their official capacities essentially is a suit against the United States. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). However, under § 1361, the district court has original jurisdiction of any action in the "nature of mandamus" to compel a federal officer or employee to perform a duty owed to the plaintiff. Section 1361 is available to compel a federal official to perform a duty only if (1) the individual's claim is clear and certain, (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *Kildare v. Saenz,* 325 F.3d 1078, 1084 (9th Cir.2003). It has been held that "the Mandamus Act [§ 1361] does not apply to the United States itself." *Murray v. United States,* 686 F.2d 1320, 1326 (8th Cir.1982). Regardless of whether this suit is proper against the individual Defendants sued in their official capacities or against the United States, it appears that service of the first amended complaint has not been properly effected.

Rule 4(i)(2)(A), Fed.R.Civ.P., provides that "[s]ervice on ... an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, [or] employee...." Rule 4(i)(1) provides that service upon the United States shall be made by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by mailing a copy to the Attorney General of the United States at Washington, D.C. as further set forth in the Rule. Rule 4(1) requires proof of service to the Court.

The first amended complaint was filed on April 15, 2004. (Doc. 2). The Court extended the time for service to September 4, 2004. (Doc. 10). Defendants raised lack of sufficient service in their motion to dismiss filed on June 22, 2004. (Doc. 12 at p. 4). Defendants' contention in that motion was sufficient to put Plaintiffs on notice of the issue of insufficient service of

---

1. The All Writs Act, codified at 28 U.S.C. § 1651, provides in relevant part that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."

process. In their response, Plaintiffs acknowledged that Defendants had raised the issue of "insufficiency of service of process pursuant to Fed.R.Civ.P. 12(b)(5)." (Doc. 13 at p.3). Plaintiffs did not further address the service issue but clarified that Defendants had not been sued individually but as officers of the United States, that is, in their official capacities only. (Doc. 13 at p.4). Defendant Boos filed her motion to dismiss on November 12, 2004 (Doc. 18) and reiterated the lack of proper service issue in her reply. (Doc. 21).

■ The Court in its Order directing supplemental briefing directed the parties to address the issue of insufficient service of process. (Doc. 23). Defendants reiterated that dismissal was appropriate for lack of proper service, that is, the first amended complaint had not been served on the United States Attorney for the District of Arizona or on the Attorney General. (Doc. 25 at p. 2–3). Defendants also asserted that "even if this suit may be maintained solely against the individual officers and the United States is not a necessary party, service upon the United States was still required by [Fed.R.Civ.P.] 4(i)(2)(A)." (Doc. 28 at p. 6). Plaintiffs have indicated that there is no question about the sufficiency of service because Defendants had been personally served. (Doc. 26 at n. 1 & p. 6).

Plaintiffs have not shown that they have effected proper service of the summons and complaint on the United States Attorney or the Attorney General in the manner prescribed by Rule 4(i). Plaintiffs' first amended complaint is therefore subject to dismissal for lack of proper service.

Plaintiffs' first amended complaint is subject to dismissal for additional reasons. Plaintiffs have clarified in their supplemental briefing that they are not asking the Court to order Defendants to abate the interest. Rather, Plaintiffs contend that they have diligently sought an explanation of the IRS conclusion denying the claim of abatement and that the burden is on the IRS to "clearly explain" the reason for such delay. Plaintiffs rely on *Jacobs v. Comm'r of Internal Revenue*, (USTC 2000) 79 TCM 1835, 2000 WL 380216, emphasizing that the U.S. Tax Court in *Jacobs* indicated that it would be reluctant to uphold the Commissioner's decision not to abate interest without any explanation of the basis for the exercise of that discretion. Plaintiffs contend that the Tax Court's decision in *Jacobs* requires Defendants to give "clear explanation" regarding the exercise of the duty required by law. (Doc. 27 at p. 4). Plaintiffs vaguely state that they are not seeking a particular Oder from this Court but only such Order as may be appropriate at the conclusion of the evidence. (Doc. 27 at p. 2).

Defendants stress that 26 U.S.C. § 6404(e)(1) provides in relevant part that the IRS "may" abate interest "attributable ... to any unreasonable error or delay by an officer or employee of the Internal Revenue Service ...." In *Ballhaus v. Internal Revenue Service*, 341 F.Supp.2d 1145, 1149 (D.Nev.2004), the district court discussed the legislative history of the statute as demonstrating congressional intent to commit the abatement of interest to the agency's discretion.

■ In 1996 Congress amended § 6404 to add what is now § 6404(h). *Ballhaus*, 341 F.Supp.2d at 1147–48. Defendants contend that § 6404(h)(1) provides that the U.S. Tax Court shall have jurisdiction over a suit to determine whether the IRS's failure to abate interest was an abuse of discretion. The Court of Appeals for the Ninth Circuit has not specifically addressed the issue of whether the Tax Court's jurisdiction over such matters is exclusive following the 1996 amendment. However, in *Ballhaus*, 341 F.Supp.2d at 1148–51, the district court determined that

the Tax Court has exclusive jurisdiction to hear disputes concerning abatement of interest at the fact-finding stage of the litigation. In order to obtain judicial review in the Tax Court, a taxpayer's net worth must not exceed $ 2 million at the time the civil action is filed. *See, e.g., Estate of Kunze v. Commissioner of Internal Revenue,* 233 F.3d 948, 954–55 (7th Cir.2000)(rejecting claim of plaintiff estate that § 6404(h)(1) violated equal protection based on this restriction regarding U.S. Tax Court review). It appears that Plaintiffs' net worth exceeds this amount and that review before the Tax Court is not available to them.

Plaintiffs have specifically stated in their supplemental response that "this case in no sense seeks judicial review of the IRS' decision." (Doc. 27 at p. 4). Plaintiffs further state that they are not attempting "to argue the deprivation of equal protection of rights." (Doc. 27 at p. 6).

█ The Court concludes that Plaintiffs have not shown that their claim as asserted in the first amended complaint is clear and certain. Plaintiffs also have not shown that Defendants have a clear non-discretionary duty to perform an act which is so plainly prescribed as to be free from doubt. As provided under § 6404(e)(1), any decision to abate interest by IRS officials is discretionary. Plaintiffs' reference to the U.S. Tax Court's decision in *Jacobs* does not establish the existence of a clear non-discretionary duty on the part of Defendants as appears relevant to any request for an "explanation". Plaintiffs' request for an Order from this Court as appropriate is vague and uncertain. Moreover, as indicated in *Ballhaus,* this Court lacks subject matter jurisdiction to hear disputes concerning abatement of interest. Plaintiffs therefore have not stated a cognizable claim for relief before this Court.

**Accordingly,**

**IT IS ORDERED** that Defendants' motions to dismiss the first amended complaint (Doc. 12 & 18) are granted.

**IT IS FURTHER ORDERED** that Plaintiffs' first amended complaint and action are dismissed.