T.C. Summary Opinion 2002-6

UNITED STATES TAX COURT

ESTELLE KERSH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8087-00S.              Filed January 30, 2002.

Estelle Kersh, pro se.

Paul K. Voelker, for respondent.

COHEN, Judge:  This case was heard pursuant to the provisions of section 7463 in effect when the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies of $645 and $4,771 in petitioner's Federal income tax for 1995 and 1996, respectively, and an addition to tax of $40.75 under section 6651(a)(1) for

1995.  The issues for decision are:  (1) Whether certain payments received by petitioner pursuant to a court order are gross income to petitioner under section 71 and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner was married to Leonard Kersh in 1962.  Leonard Kersh filed for divorce in 1994.

The Supreme Court of New York County, New York, entered an order granting pendente lite maintenance (Order) in favor of petitioner on or about November 18, 1995.  The original date of service of the application that related to the Order was October 15, 1995.  Excerpts from the Order are as follows:

> In awarding temporary maintenance, * * * the court awards Mrs. Kersh $1,600 per month temporary maintenance.  The award is retroactive to the original date of service of this application * * *.  Retroactive sums due by reason of this award shall be paid off at the rate of $800 per month on top of the sums awarded until all arrears have been satisfied.  Mr. Kersh may take credit for sums voluntarily paid for maintenance and support for this period for which he has cancelled checks or other similar proof of payment * * *.  The first payment hereunder shall be made within ten (10) days after service of a copy of this order (without notice of entry), and then monthly thereafter.

A Divorce Judgment filed on or about January 24, 1997, was granted by the Supreme Court of New York County, New York. Excerpts from the Divorce Judgment are as follows:

> 3. Plaintiff [Leonard Kersh] shall pay to defendant [Estelle Kersh] as and for her individual support and maintenance the sum of $2,000 per month until plaintiff retires from his employment at Lorillard Tobacco Company, plaintiff's maintenance obligation shall terminate;

> 4. Upon plaintiff's retirement from Lorillard Tobacco Company, defendant is to receive a fifty (50%) percent interest in that portion of plaintiff's pension plan with Lorillard Tobacco Company valued as of December 31, 1995, as to amount and years of service, pursuant to the terms of a Qualified Domestic Relations Order which is and shall be made a part thereof;

Leonard Kersh retired in 1997.

Petitioner received payments totaling $1,300 from Leonard Kersh prior to October 15, 1995 (the date of service of the application that is related to the Order). Petitioner received payments totaling $1,600 and $17,400 in 1995 and 1996, respectively, from Leonard Kersh pursuant to the Order.

Petitioner filed an application for automatic extension of time to file her 1995 tax return. Petitioner filed her 1995 tax return on August 15, 1996, and reported total tax of $1,499, withholdings of $1,329, and tax owed of $170. Petitioner did not report any alimony or separate maintenance income.

## Discussion

The parties dispute whether the payments received by petitioner from Leonard Kersh are separate maintenance payments under section 71.

Section 71(a) provides that gross income generally includes amounts received as alimony or separate maintenance payments. Section 71(b)(1) defines alimony or separate maintenance payment as any payment in cash if--

      (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

      (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

      (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

      (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Respondent maintains that the payments received by petitioner are gross income under section 71(a) because the payments were for temporary maintenance. Petitioner contends that the payments received are not included in gross income because the payments are not separate maintenance payments under section 71(b)(1)(D). Petitioner's position is that the pension

payments, payable under the Divorce Judgment, are not alimony because they will not terminate upon her death and that the 1995 and 1996 payments are, in effect, advancements on the pension that would be payable to her when her former husband retired.

The Divorce Judgment, on which petitioner relies, was filed on or about January 24, 1997, and does not apply to the payments that she received pursuant to the Order in 1995 and 1996. Regardless, petitioner's reliance on the Divorce Judgment is misplaced because the Divorce Judgment delineates separate clauses for: (1) Support and maintenance payments that terminate upon Leonard Kersh's retirement and (2) pension payments pursuant to a Qualified Domestic Relations Order that commence upon Leonard Kersh's retirement. The Divorce Judgment specifically provided that the "maintenance obligation shall terminate" upon Leonard Kersh's retirement, and, thus, it does not continue after petitioner's death.

The Order is the relevant document during the years in issue. The Order awards "temporary maintenance" payments, and, pursuant to State law, the payments would have terminated upon the death of either party. See N.Y. Dom. Rel. Law sec. 236B1.a (1995). We conclude that the payments that petitioner received in 1995 and 1996 pursuant to the Order are separate maintenance payments and are gross income to petitioner under section 71(a).

Petitioner testified credibly that she received only the payments set forth above, rather than larger amounts set forth in the notice of deficiency. The amounts of the payments received by petitioner pursuant to the Order were $1,600 and $17,400 in 1995 and 1996, respectively. The payments of $1,300 received by petitioner prior to October 15, 1995, are not separate maintenance payments under section 71(b)(1)(A).

Respondent determined an addition to tax under section 6651(a)(1). Section 6651(a)(1) provides an addition to tax for failure to file any return required (determined with regard to any extension of time for filing). Petitioner filed an application for automatic extension of time to file her 1995 tax return and filed her 1995 tax return within the 4-month extension period. Petitioner is not liable for the addition to tax under section 6651(a)(1). See Notice 93-22, 1993-1 C.B. 305, 306.

To reflect the foregoing,

Decision will be entered
under Rule 155.