T.C. Memo. 2009-260



UNITED STATES TAX COURT



ESTELLE KERSH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 22731-05.                    Filed November 12, 2009.



        P invoked the Court's jurisdiction under sec.
6404(h)(1), I.R.C., to determine whether R abused his
discretion by not abating statutory interest.  The
interest related to Federal income tax deficiencies
listed in the decision entered by the Court in P's
earlier deficiency proceeding.  The interest was not
mentioned in the decision.  P's sole argument is that
she is not liable for the interest under the rationale
of <u>Hurt v. United States</u>, 76 AFTR 2d 95-7815 (4th Cir.
1995).  There, the Court of Appeals for the Fourth
Circuit decided that the taxpayers were not liable for
statutory interest because the decision relating to the
taxable year from which the interest arose was silent
as to their liability for interest.  R moves for
summary judgment, asking the Court to reject the
rationale of (or otherwise distinguish) <u>Hurt</u> and to
conclude that R did not abuse his discretion because P
advances no other allegation of error.
        <u>Held</u>:  The Court declines to decide whether we
agree with the rationale of <u>Hurt v. United States</u>,

supra, because such a decision rests exclusively on the applicability of sec. 6404(a), I.R.C., which has no applicability to this case by virtue of sec. 6404(b), I.R.C.

Held, further, the Court will grant R's motion for summary judgment because no issue of material fact remains for trial.


Estelle Kersh, pro se.

Gerard Mackey, for respondent.


MEMORANDUM OPINION


VASQUEZ, Judge:  This case is before the Court on respondent's motion for summary judgment under Rule 121.[1] Petitioner, while residing in Nevada, petitioned the Court under section 6404(h)(1) to determine whether respondent abused his discretion by not abating interest assessed pursuant to section 6601(a) (statutory interest).  The statutory interest related to Federal income tax deficiencies listed in the decision entered in petitioner's earlier deficiency proceeding (Kersh I).  Respondent determined not to abate the interest after concluding, in part, that he could collect the interest even though the decision was silent as to interest.  Petitioner's sole argument is that she is not liable for the interest under the rationale of Hurt v. United

---

[1]  Unless otherwise stated, all section references are to the applicable versions of the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

States, 76 AFTR 2d 95-7815 (4th Cir. 1995).[2] There, the Court of Appeals for the Fourth Circuit decided that the taxpayers were not liable for statutory interest because the decision relating to the taxable year from which the interest arose was silent as to their liability for interest.

Following a hearing on respondent's motion, we decide whether to grant respondent's motion. We conclude that we will.

## Background

### I. Kersh I

#### A. Determinations and Trial

In Kersh I, respondent determined deficiencies of $645 and $4,771 in petitioner's Federal income taxes for 1995 and 1996, respectively, and an addition to tax of $40.75 under section 6651(a)(1) for 1995. Respondent included those determinations in a notice of deficiency issued to petitioner. Petitioner petitioned the Court for redetermination.

The parties in Kersh I asked the Court to decide two issues. The first issue was whether certain payments were includable in

---

[2] We are mindful that Hurt v. United States, 76 AFTR 2d 95-7815 (4th Cir. 1995), was not published by the Court of Appeals for the Fourth Circuit and that that court generally disfavors citations of its unpublished opinions issued before Jan. 1, 2007. See 4th Cir. R. 32.1. We note, however, that the referenced rule allows a party to cite such an unpublished opinion if the party believes the opinion "has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well". Id. We also note that a copy of Hurt is available in a "publicly accessible electronic database". See Fed. R. App. P. 32.1(b).

petitioner's gross income.  The second issue was whether petitioner was liable for the addition to tax.  The Court decided those issues in <u>Kersh v. Commissioner</u>, T.C. Summary Opinion 2002-6, and stated at the end of the opinion that the Court would enter a decision under Rule 155.

B.  <u>Rule 155 Process and Entry of Decision</u>

Pursuant to Rule 155, respondent's counsel prepared an 11-page document (document) entitled "Respondent's Computation for Entry of Decision" and a 2-page proposed decision.  The document stated that petitioner owed $262 for 1995 and $2,867 for 1996 but did not state that petitioner owed any interest as to those amounts.  The document included a statement that "It is agreed that the attached computation is in accordance with the opinion of the Tax Court in this case" and a line on which petitioner could sign her name to express her agreement with this statement.  Page 1 of the proposed decision stated under the caption of the case:

DECISION

Pursuant to the opinion of the Court filed January 30, 2002, and incorporating herein the facts recited in the respondent's computation as the findings of the Court, it is

ORDERED AND DECIDED:  That there are deficiencies in income tax due from the petitioner for the taxable years 1995 and 1996 in the amounts of $262.00 and $2,867.00, respectively; and

That there is no addition to tax due from the petitioner for the taxable year 1995, under the provisions of I.R.C. § 6651(a)(1).

                              Judge.

Entered:

Page 2 of the proposed decision stated:

The parties stipulate that the foregoing decision is in accordance with the opinion of the Court and the respondent's computation, and that the Court may enter this decision.

                              B. John Williams, Jr.
                              Chief Counsel
                              Internal Revenue Service

|  | By: |
| --- | --- |
| Estelle Kersh | Paul K. Voelker |
| Petitioner | Senior Attorney |
| * * * * * * * | (Small Business/Self- Employed |
|  | * * * * * * * |

Date: _____    Date: _____

Respondent gave the document and the proposed decision to petitioner.  On March 1, 2002, petitioner signed her name on the referenced signature lines in the document and on the proposed decision and returned those materials to respondent's counsel. Five days later, respondent's counsel signed the signature line of page 2 of the proposed decision and forwarded the proposed decision and the document to the Court.  The next day, the Court filed the document as an "Agreed Computation".  On March 11, 2002, the Court entered the two-page proposed decision as the Court's decision in Kersh I.

C.  Assessment of Deficiencies and Statutory Interest

On October 21, 2002, respondent assessed for 1996 the $2,867 deficiency and $1,572.64 of statutory interest.  One month later, respondent assessed for 1995 the $262 deficiency and $183.49 of statutory interest.  On July 26, 2004, respondent assessed $24.62 of additional statutory interest for 1995.

II.  Request for Abatement

A.  Initial Request

On July 2, 2003, the Internal Revenue Service received from petitioner a Form 843, Claim for Refund and Request for Abatement.  The form requested an abatement of all interest on the 1995 and 1996 deficiencies because of errors or delays by the Internal Revenue Service.  Petitioner later expanded her arguments to aver that she was not liable for interest because the decision entered in Kersh I did not provide for her payment of any interest.

On November 6, 2003, respondent granted petitioner partial relief by agreeing to abate all interest that had accrued from June 2, 1998, to March 22, 1999.  Respondent concluded that such relief was appropriate because the audit of petitioner's 1995 and 1996 taxable years was delayed during review by the Internal Revenue Service Office of Appeals (Appeals).  Respondent denied petitioner's request for abatement of all other interest.

B.  Administrative Review of Determination

    1.  Request for Review

On January 2, 2004, respondent received from petitioner a letter asking Appeals to review respondent's decision not to abate all of the interest.  Petitioner's letter listed each day that she believed represented a "lack of response, inaccuracies, paper backlogs, and other delays caused by Internal Revenue Service offices, as of this date", with a general explanation of the significance of her listing that day.  Petitioner's letter concludes:  "I appeal the amount of interest you have added which were [sic] caused by the delays in your offices."

    2.  Review by Appeals

        a.  Overview

On July 1, 2005, Appeals issued to petitioner a document entitled "Partial Allowance - Final Determination" (final determination).  The final determination stated that Appeals was allowing petitioner's claim for interest abatement to the extent of any interest that had accrued from June 2, 1998, through March 22, 1999.  The final determination stated that Appeals was denying the rest of petitioner's claim because Appeals "did not find any errors or delays on our part that merit abatement of interest in our review of available records and other information".  A memorandum attached to the final determination stated that petitioner had made three arguments to Appeals as to

why she should not be liable for any interest on the deficiencies. First, the memorandum stated, petitioner argued that the decision did not specify that interest would have to be paid. Second, the memorandum stated, petitioner argued that all interest should be abated from January 27, 1998, through October 15, 2003, because of the "overwhelming time it took the Philadelphia Appeals office to review her original appeal". Third, the memorandum stated, petitioner argued that the amount of interest assessed for each year was excessive in that it almost equaled the amount of the deficiency for that year.

### b. Appeals' Rejection of the Arguments

#### i. Overview

Appeals rejected each of the three arguments made by petitioner with respect to the unabated interest.

#### ii. First Argument

As to the first argument, Appeals noted the case of Hurt v. United States, 76 AFTR 2d 95-7815 (4th Cir. 1995), and that both courts there (the Court of Appeals for the Fourth Circuit and the U.S. District Court for the Southern District of West Virginia) had decided that the taxpayers were not liable for statutory interest because it was unmentioned in the decision relating to the taxable year from which the interest arose. Appeals concluded that none of the disputed interest had to be abated pursuant to Hurt because the Commissioner had not acquiesced in

that case, see 1997-1 C.B. 1, and continued to believe that taxpayers are liable for statutory interest even if it is not mentioned in a decision.

### iii. Second Argument

As to the second argument, Appeals determined that all of the disputed interest accrued while the Internal Revenue Service was processing petitioner's return and concluded that the processing of the return was not a ministerial act subject to section 6404. Accordingly, Appeals concluded, none of the disputed interest qualified for abatement under section 6404.

### iv. Third Argument

As to the third argument, Appeals noted that section 6404(a) provides that an assessment may be abated when it is "excessive". Appeals interpreted the word "excessive" to denote in excess of that provided by law and concluded that none of the disputed interest was excessive because the interest did not exceed the amount provided by law.

### Discussion

## I. Overview

Petitioner invoked the Court's jurisdiction under section 6404(h)(1) to determine whether respondent's failure under section 6404 to abate the disputed interest was an abuse of discretion. Respondent now moves for summary judgment. We agree with respondent that he is entitled to summary judgment.

II.  General Rules for Summary Judgment

We begin our analysis with some general rules of summary judgment.  Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials of phantom factual issues.  See Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75 (2004), affd. 404 F.3d 1291 (11th Cir. 2005).  A decision on the merits of a taxpayer's claim can be made by way of summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).

III.  Interest Abatement

We now discuss the rules for interest abatement.  Section 6601(a) requires that a taxpayer pay interest on any assessed Federal income tax that is not paid "on or before the last date prescribed for payment" and that such interest be computed for "the period from such last date to the date paid."  See also Hinck v. United States, 550 U.S. 501, 503 (2007).  The Court generally lacks jurisdiction over issues concerning the computation of statutory interest.  See Urbano v. Commissioner, 122 T.C. 384, 390 (2004); Med James, Inc. v. Commissioner, 121 T.C. 147, 151 (2003); see also Hinck v. United States, supra.

We have jurisdiction to redetermine such interest primarily in two types of situations.

First, section 7481(c) authorizes the Court to redetermine an overpayment of interest if a taxpayer timely petitions the Court to do so.  See Urbano v. Commissioner, supra at 390. Section 7481(c) is inapplicable to this case because petitioner has failed to meet the requirements to invoke our jurisdiction under that section.  See generally Med James, Inc. v. Commissioner, supra at 152.

Second, section 6404(h)(1) empowers the Court to determine whether the Commissioner abused his discretion by refusing to abate some or all interest under section 6404.  See Urbano v. Commissioner, supra at 390; Woodral v. Commissioner, 112 T.C. 19 (1999); see also Hinck v. United States, supra at 503; Miller v. Commissioner, 310 F.3d 640 (9th Cir. 2002), affg. T.C. Memo. 2000-196.[3]  In the setting at hand, i.e., one involving a claim to abate interest assessed with respect to Federal income tax, section 6404 allows a taxpayer to request an abatement of interest only in certain cases.  See sec. 6404(b) (generally providing that "No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under

---

[3]  Before the enactment of sec. 6404(h)(1) as part of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 302, 110 Stat. 1457 (1996), the Commissioner's failure to abate interest under sec. 6404 was not subject to judicial review.  See Hinck v. United States, 550 U.S. 501, 503-504 (2007).

subtitle A [income taxes] or B [estate and gift taxes].").

Section 6404(e)(1) is one of those cases, see Hinck v. United

States, supra at 503, and the section that is implicated here.

As relevant here, section 6404(e)(1) allows the Commissioner to

abate interest assessed on:  (1) Any Federal income tax

deficiency attributable to any error or delay by an officer or

employee of the Internal Revenue Service (acting in his or her

official capacity) in performing a ministerial act, or (2) any

payment of Federal income tax to the extent that any error or

delay in payment is attributable to the officer's or employee's

being erroneous or dilatory in performing a ministerial act.[4]  In

this context, an act is "ministerial" if it is

> a procedural or mechanical act that does not involve
> the exercise of judgment or discretion, and that occurs
> during the processing of a taxpayer's case after all
> prerequisites to the act, such as conferences and
> review by supervisors, have taken place.  A decision
> concerning the proper application of federal tax law
> (or other federal or state law) is not a ministerial
> act.  [Sec. 301.6404-2T(b)(1), Temporary Proced. &
> Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[5]]

---

[4]  Sec. 6404(e) was amended by TBOR 2 sec. 301(a), 110 Stat.
1457, to permit the Commissioner to abate interest with respect
to an unreasonable error or delay resulting from managerial or
ministerial acts.  That amendment does not apply here in that it
is generally effective for interest accruing on deficiencies for
taxable years beginning after July 30, 1996.  Id. sec. 301(c),
110 Stat. 1457.

[5]  These temporary regulations have since been replaced by
final regulations.  See sec. 301.6404-2, Proced. & Admin. Regs.
The final regulations are inapplicable here in that they
generally apply to interest accruing on deficiencies for taxable

(continued...)

When the Commissioner abuses his discretion by not abating interest under section 6404(e)(1) that otherwise should be abated, the Court is authorized to order an abatement of that interest. See sec. 6404(h)(1); see also Lee v. Commissioner, 113 T.C. 145 (1999). The Court may exercise that authority when the taxpayer demonstrates that the Commissioner declined to abate the interest through an exercise of his discretion that was arbitrary, capricious, or without sound basis in fact or in law. See Lee v. Commissioner, supra at 149; Woodral v. Commissioner, supra at 23.

IV. Analysis

A. Petitioner's Position

Petitioner makes one argument to support her allegation that respondent abused his discretion by not abating all interest relating to her Federal income tax deficiencies for 1995 and 1996.[6] She argues that the decision is the equivalent of a

---

[5](...continued)
years beginning after July 30, 1996. See sec. 301.6404-2(d)(1), Proced. & Admin. Regs.

[6] In an order dated July 9, 2009, we noted that the petition referenced only one of petitioner's three arguments considered by Appeals, namely, the subject issue concerning Hurt v. United States, 76 AFTR 2d 95-7815 (4th Cir. 1995), and that Rule 34(b) essentially provides that any issue not included in the petition may be considered waived. We directed petitioner to file an amendment to the petition if she wanted us to consider each of her three arguments considered by Appeals, or to file a "Statement" if she wanted us to consider only the single argument related to Hurt. Petitioner filed a "Statement" stating that she
(continued...)

contract between her and the Commissioner and that she did not agree in that contract to pay any interest on the deficiencies. She refers the Court to Hurt v. United States, 76 AFTR 2d 95-7815 (4th Cir. 1995), and concludes that respondent should be bound by the decision entered in Kersh I.

B.  Respondent's Position

Respondent argues that petitioner is liable for the disputed interest because statutory interest is imposed as a matter of law without regard to whether it was included in the Court's earlier decision.  Respondent asks the Court to reject the rationale of (or otherwise distinguish) Hurt v. United States, supra, and to state affirmatively that respondent is not precluded from collecting statutory interest not mentioned in the decision.

C.  Court's Opinion

The parties essentially ask the Court to decide whether we agree or disagree with the rationale of Hurt v. United States, supra.  We decline to render such a decision in this proceeding. Petitioner commenced this proceeding under section 6404(h)(1), and that section requires us in this case (i.e., a case involving interest related to an income tax) to decide whether respondent abused the discretion afforded to him in section 6404(e)(1) by not abating the disputed interest.  Cf. Woodral v. Commissioner,

---

6(...continued)
was advancing only the argument related to Hurt.

112 T.C. at 23-24 (holding that the Court may review the Commissioner's failure to abate interest under all subsections of section 6404 and not just under section 6404(e), where the interest related to employment taxes). Section 6404(e)(1) allows the Commissioner to abate interest to the extent it is attributable to an error or a delay by an officer or an employee of the Internal Revenue Service in performing a ministerial act.

The requested decision as to whether respondent may collect the interest without regard to whether it is mentioned in the earlier decision rests not on the applicability of section 6404(e)(1) but on the applicability of section 6404(a). This is so because section 6404(e)(1) allows for an abatement of interest only in the case of certain errors and delays, while section 6404(a) provides for an abatement of interest in some cases that are outside the reach of section 6404(e)(1). Section 6404(a), on the one hand, allows the Commissioner to "abate the unpaid portion of the assessment of any tax or any liability in respect thereof" that "is excessive in amount", "is assessed after the expiration of the period of limitation properly applicable thereto", or "is erroneously or illegally assessed." Section 6404(a), however, does not apply to cases such as this where the interest relates to an assessment of income tax. See sec. 6404(b); see also Bax v. Commissioner, 13 F.3d 54, 58 (2d Cir. 1993). Section 6404(e)(1), on the other hand, does not

specifically authorize the Commissioner to entertain any claim that interest should be abated to the extent it "is excessive in amount" or "is erroneously or illegally assessed."  Nor do we find any such authority in section 6404(e)(1).  This is so, in part, because any decision as to whether interest "is excessive in amount" or "is erroneously or illegally assessed" rests not on the question of "bureaucratic administration" of whether interest is attributable to an error or a delay by the Internal Revenue Service in performing a ministerial act, but on a question of "substantive law".  Hinck v. United States, 550 U.S. at 509 (stating that "an interest abatement claim under § 6404(e)(1) involves no questions of substantive tax law, but rather is premised on issues of bureaucratic administration").

Given that section 6404(a) is inapplicable where, as here, a taxpayer claims an abatement of interest assessed with respect to Federal income tax, we conclude that it is not proper for us in this proceeding to decide whether we agree or disagree with the rationale of Hurt v. United States, supra.  Any such decision would not dispose of this case but would amount to the rendering of an advisory opinion on the subject.  We decline to render such a decision.[7]  Cf. LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975) (declining to provide an advisory opinion as to the amount

_____

[7]  Nor was Hurt v. United States, supra, an interest abatement case.  The action there was a refund suit filed to recover statutory interest that was previously paid.

of net operating losses (NOLs) in postdeficiency years in a deficiency case in which the Commissioner had conceded NOLs sufficient to eliminate any deficiency for the year at issue). Moreover, even if we were to state favorably to petitioner that we agree with the rationale of <u>Hurt v. United States</u>, <u>supra</u>, that statement still would not compel a decision for petitioner. A decision for petitioner requires that we find that respondent committed a ministerial error or delay under section 6404(e), and <u>Hurt v. United States</u>, <u>supra</u>, does not hold that such a ministerial error or delay is present where a decision document is silent as to a taxpayer's liability for interest.

Petitioner has advanced no other argument in support of her claim that respondent abused his discretion by not abating the statutory interest. Accordingly, we conclude that respondent is entitled to a decision as a matter of law, and we will grant respondent's motion for summary judgment.

V. <u>Conclusion</u>

For the reasons stated above, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.