**Marjorie Cathey MILLER,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 00–71285.

United States Court of Appeals,
Ninth Circuit.

Argued and Submission Deferred
July 9, 2002.

Submitted July 16, 2002.*

Filed Nov. 8, 2002.

Charles H. Hammer, Spokane, Washington, for the petitioner-appellant.

Annette M. Wietecha, Department of Justice, Tax Division, Washington, DC, for the respondent-appellee.

---

* Submission was deferred for seven days in order to allow supplemental briefing of the jurisdiction issue.

Before: REAVLEY,** TASHIMA, and RAWLINSON, Circuit Judges.

TASHIMA, Circuit Judge.

Marjorie Cathey Miller appeals a decision of the United States Tax Court, granting summary judgment in favor of the Commissioner of Internal Revenue. Miller contends that the tax court erred in concluding that she was not entitled to an abatement of interest on employment taxes under 26 U.S.C. § 6404(e). We affirm.

## BACKGROUND

In 1984, 1985, and 1986, Miller operated a beauty salon in the State of Washington. Miller leased out individual spaces in the salon to individual beauticians and treated the lessees as independent contractors rather than employees for tax purposes. In 1987, the Commissioner conducted an examination of Miller's business and concluded that the individuals should have been treated as employees rather than independent contractors. The Commissioner accordingly prepared Form 4666, Summary of Employment Tax Examination, and concluded that Miller owed $31,671.43 in employment taxes and penalties for the three tax years in question.

On December 12, 1988, Miller signed two Forms 2504, Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment, consenting to the assessment and collection of $31,671.43 in taxes and penalties. Miller tendered a check to the Internal Revenue Service ("IRS") in the amount of $31,671.43 on December 16, 1988, thinking that she had paid the full amount due.

The IRS, however, applied her payment to taxes, penalties, and *interest* for some of the portions of the tax years in question, leaving $10,296.56 in taxes and penalties still due.

In 1993, the Commissioner contacted Miller and informed her that she still had unpaid liabilities stemming from the 1987 examination. The revenue officer assigned to the case attempted to abate the interest; however, the IRS denied the request on the basis that Internal Revenue Code ("I.R.C.") § 6404(e), the provision allowing abatement of interest, does not authorize abatement of interest assessed on employment taxes. In May 1994, Miller submitted a check to the IRS in the amount of $21,706.47, thus paying in full the taxes, penalties, and interest she owed.

In May 1996, Miller submitted Form 843, Claim for Refund and Request for Abatement, seeking abatement of the interest assessed on the employment tax liabilities pursuant to § 6404(e), which provides for the abatement of interest attributable to unreasonable errors and delays by the IRS. The IRS denied Miller's claim on the ground that § 6404(e) does not apply to employment taxes. Miller then filed this petition in United States Tax Court, seeking reconsideration of the Commissioner's decision.

The tax court granted summary judgment in favor of the Commissioner, reasoning that its decision in *Woodral v. Comm'r*, 112 T.C. 19, 1999 WL 9947 (1999), was dispositive. In *Woodral*, the court held that the Commissioner lacks authority to abate interest assessed on employment taxes; accordingly, that the decision not to abate such interest could not constitute an

** The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

abuse of discretion. *Id.* at 25. Miller filed a timely notice of appeal.

## DISCUSSION

### I. Standard of Review

 We review our own jurisdiction de novo. *Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1352 (9th Cir. 1994). The tax court's grant of summary judgment is subject to de novo review. *Talley Indus., Inc. v. Comm'r*, 116 F.3d 382, 385 (9th Cir.1997).

### II. Jurisdiction

During the tax years in question, I.R.C. § 6404(e)(1) provided:

In the case of any assessment of interest on—

(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such an officer or employee being erroneous or dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

26 U.S.C. § 6404(e)(1) (1989).[1]

Prior to 1996, § 6404 did not contain any provision for judicial review of IRS decisions regarding the abatement of interest. In *Argabright v. United States*, 35 F.3d 472 (9th Cir.1994), therefore, we stated that § 6404(e)(1) "gives the Commissioner complete discretion to determine whether or not to abate interest in situations in which all or part of the interest owed by the taxpayer is due to delay caused by IRS personnel." *Id.* at 474–75. We accordingly held that, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701(a), which bars judicial review if precluded by statute or if agency action is committed to agency discretion by law, judicial review "is not available for agency action taken pursuant to 26 U.S.C. § 6404(e)(1)." *Id.* at 475–76.[2]

In 1996, however, Congress amended the statute, adding what is now § 6404(h), granting the tax court jurisdiction to determine whether the Secretary's failure to abate interest constituted an abuse of discretion.[3] Pub.L. No. 104–168, § 302, 110

---

**1.** In 1996, the statute was amended by adding the word "unreasonable" before "error" and the words "or managerial" after "ministerial." Pub.L. No. 104–168, § 301(a), 110 Stat. 1452, 1457 (1996).

**2.** Other courts had similarly construed the statute. *See, e.g., Carlson v. United States (In re Carlson)*, 126 F.3d 915, 920 (7th Cir.1997) (holding that an abatement of interest under § 6404(e)(1) is within the sole authority of the Secretary of the Treasury, "and as such it is beyond the scope of judicial review"); *Speers v. United States*, 38 Fed.Cl. 197, 202 (1997) (reasoning that the IRS' decision whether to abate interest on employment taxes is solely within the agency's discretion and is therefore nonjusticiable); *Brahms v. United States*, 18 Cl.Ct. 471, 475–76 (1989) (holding that § 6404(e)(1) does not permit judicial review because the IRS' decision to abate interest is purely discretionary).

**3.** The statute provides, in pertinent part, that "[t]he Tax Court shall have jurisdiction over any action brought by a taxpayer . . to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion." 26 U.S.C. § 6404(h)(1) (2002).

Stat. 1452, 1457–58 (1996). The legislative history indicates that then-current law did not give federal courts jurisdiction to review the IRS' refusal to abate interest, but that Congress decided it was appropriate for the tax court to review such decisions. H.R.Rep. No. 104–168, at 28 (1996), *reprinted in* 1996 U.S.C.C.A.N. 1143, 1151.

█ The tax court therefore now has jurisdiction to determine whether the IRS' denial of a request to abate interest is an abuse of discretion pursuant to § 6404(h). Our jurisdiction to review decisions of the tax court rests on I.R.C. § 7482(a), which, we conclude, includes decisions regarding the IRS' refusal to abate interest. *Cf. Estate of Kunze v. Comm'r*, 233 F.3d 948, 950 (7th Cir.2000) (stating that the court had jurisdiction over an appeal of the tax court's review of a denial of an abatement under § 7482(a)).[4] *Argabright's* holding that judicial review is not available for IRS decisions pursuant to § 6404(e)(1) consequently has been undermined by subsequent legislation and, to that extent, is no longer good law. *See United States v. Gonzalez–Torres*, 273 F.3d 1181, 1187 (9th Cir.2001) (reasoning that we are not bound by the decision of a prior three-judge panel if subsequent legislation has undermined that decision); *see also Benny v. United States Parole Comm'n*, 295 F.3d 977, 983 (9th Cir.2002) ("We are bound by decisions of prior panels unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions.").

One further wrinkle, however, is that the amendment granting jurisdiction to the tax court applies to requests for abatement made after the date of its enactment, which was July 30, 1996. Pub.L. No. 104–

168, § 302(b), 110 Stat. at 1458. Miller's request for abatement was made in May 1996 and was denied in November 1998.

In *Banat v. Comm'r*, 109 T.C. 92, 1997 WL 438301 (1997), the tax court addressed whether judicial review was available for a request for abatement of interest that was submitted prior to the effective date of the amendment but was not denied until after July 31, 1996. The court noted that the amendment clearly did not apply to requests for abatement made and denied prior to July 31, 1996, citing its decision in *White v. Comm'r*, 109 T.C. 96, 1997 WL 438057 (1997). *Banat*, 109 T.C. at 94–95. It reasoned, however, that the purpose of the amendment was to provide increased protection of taxpayer rights and that it would be inconsistent with that intent to "deny judicial review to taxpayers whose requests are continuing, considered, and denied after the date of enactment." *Id.* at 95. It therefore held that the denial of a request that was pending with the IRS after July 30, 1996 was subject to judicial review. *Id.*

█ We agree with the reasoning of *Banat* and therefore conclude that the amendment granting jurisdiction to the tax court applies to Miller's request for abatement, which was submitted in May 1996, but was not denied until November 1998. The tax court therefore properly exercised jurisdiction over Miller's petition and we have jurisdiction to review the tax court's decision under 26 U.S.C. § 7482(a).

### III. Merits

Section 6404(e) permits the abatement of interest assessed on "any deficiency," or on the payment of any tax pursuant to

---

**4.** In *United States v. Calif. East. Line*, 348 U.S. 351, 354–55, 75 S.Ct. 419, 99 L.Ed. 383 (1955), the Court noted the distinction under the Renegotiation Act between tax court determinations which the statute made final and nonreviewable and tax court determinations under that act which were not in that category. The statute here does not purport to make the tax court's determination nonreviewable by the court of appeals.

I.R.C. § 6212, that is attributable to IRS error. 26 U.S.C. § 6404(e)(1). In Woodral, the tax court looked to the definition of "deficiency" in I.R.C. § 6211 to determine whether § 6404(e) permits the abatement of interest assessed on employment taxes. *Woodral*, 112 T.C. at 25. The court reasoned that §§ 6211 and 6212 cover taxes such as those on income, estate, gift, and public charities, but not employment taxes, and that the Commissioner therefore lacks authority to abate assessments of interest on employment taxes under § 6404(e). *Id.; see also Speers*, 38 Fed.Cl. at 201–02 (concluding that § 6404(e)(1) does not authorize the IRS to abate interest relating to employment taxes).

Similarly, the regulation implementing § 6404(e)(1) states that the Commissioner may abate the interest on any deficiency "as defined in section 6211(a), relating to income, estate, gift, generation-skipping, and certain excise taxes."[5] Treas. Reg. § 301.6404–2(a)(1)(i). Employment taxes are not included. *Id.*

Miller argues that *Woodral* failed to note the distinction between § 6404(e)(1)(A) and (B). She correctly notes that, while subsection (B) is specifically limited to the "payment of any tax described in section 6212(a)," subsection (A) contains no such limiting language. *See* I.R.C. § 6404(e)(1). Rather, subsection (A) states that it applies to "any deficiency." *See id.*

Miller also points out that the definition of "deficiency" in § 6211 does not state that the term is limited to income, estate, gift, and excise taxes imposed by subtitle A or B. Rather, the statute defines the term "[f]or purposes of this title *in the case of*" taxes imposed by subtitle A and B.

I.R.C. § 6211(a) (emphasis added). Section 6211(a) thus defines "deficiency" in the context of income, estate, gift, and excise taxes, but it does not state that the term cannot apply to any other kinds of taxes.

We recognize that there is much force in Miller's argument that § 6404(e)(1)(A) does not contain language limiting the provision to certain types of taxes, whereas § 6404(e)(1)(B) specifically does. And, were we writing on a clean slate, we might well agree with her argument. We are required, however, to "defer to an agency's construction of the statute it administers," where that interpretation is not contrary to congressional intent. *Cornejo–Barreto v. Seifert*, 218 F.3d 1004, 1014 (9th Cir.2000); *see also, e.g., Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (noting the principle that "courts generally will defer to an agency's construction of the statute it is charged with implementing"); *Chevron, U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (stating that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer"). Here, we conclude that the Commissioner's interpretation of § 6404(e) as not applying to employment taxes is entitled to deference.

This interpretation is consistent with § 301.6404–2(a)(1)(i), the Secretary of the Treasury's implementation of the statute, limiting § 6404(e)(1)'s application to only income, estate, gift, generation-skipping, and certain excise taxes. *See* Treas. Reg. § 301.6404–2(a)(1). We must give this Treasury Regulation " 'substantial defer-

---

5. I.R.C. § 6211(a) defines a deficiency "[f]or purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44." Employment taxes are imposed by subtitle C.

ence,' since 'presumably [the agency] has brought its expertise to bear in formulating the regulation.'" *Mt. Diablo Hosp. v. Shalala,* 3 F.3d 1226, 1232 (9th Cir.1993) (quoting *Am. Hosp. Mgmt. Corp. v. Harris,* 638 F.2d 1208, 1212 (9th Cir.1981)) (alteration in original); *see also Comm'r v. Portland Cement Co.,* 450 U.S. 156, 169, 101 S.Ct. 1037, 67 L.Ed.2d 140 (1981) (stating that courts "must defer to Treasury Regulations that 'implement the congressional mandate in some reasonable manner'") (quoting *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967)). The regulation's use of the definition of "deficiency" found in § 6211 is neither "unreasonable" nor "plainly inconsistent with the revenue statutes" and, accordingly, must be sustained. *See Portland Cement Co.,* 450 U.S. at 169, 101 S.Ct. 1037 ("Treasury Regulations 'must be sustained unless unreasonable and plainly inconsistent with the revenue statutes.'") (quoting *Comm'r v. S. Tex. Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948)).

## CONCLUSION

The statutory amendment granting jurisdiction to the tax court to review the IRS' decisions regarding abatement of interest is a change in legislation that undermines *Argabright.* Furthermore, we agree with the tax court's reasoning in *Banat* that judicial review is available where the request for abatement is pending after July 30, 1996. Accordingly, we conclude that the tax court properly exercised jurisdiction over Miller's petition and that we have jurisdiction to review the tax court's decision.

The regulation implementing I.R.C. § 6404(e)(1) indicates the intent of the Secretary of the Treasury to limit the abatement of interest to "income, estate, gift, generation-skipping, and certain excise

taxes." Treas. Reg. § 301.6404–2(a)(1)(i). This interpretation is not unreasonable or plainly inconsistent with the statute. For the foregoing reasons, the decision of the tax court is

**AFFIRMED.**