MEMORANDUM *
Petitioner Anmin Yu petitions for review of the Board of Immigration Appeals’ (“BIA”) decision adopting and affirming the Immigration Judge’s (“IJ”) denial of *592 his claims for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.
This court reviews questions concerning its own jurisdiction de novo. See Miller v. Comm’r of Internal Revenue, 310 F.3d 640, 642 (9th Cir.2002). Where, as here, the BIA adopts and affirms the IJ’s decision, “we review the IJ’s decision as if it were that of the BIA.” Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (internal quotation marks omitted). Questions of law are reviewed de novo, while findings of fact are reviewed for substantial evidence. Id. at 1039-40. “We review the IJ and BIA’s adverse credibility finding for substantial evidence.” Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009).
I. Jurisdiction over Asylum Claim
This court has jurisdiction over the IJ’s finding that the untimely filing of Yu’s asylum application was not excused by extraordinary circumstances. See Husyev v. Mukasey, 528 F.3d 1172, 1178-81 (9th Cir.2008). Yu has failed to demonstrate the existence of any extraordinary circumstances justifying his tardy asylum application. Substantial evidence therefore supports the IJ’s determination that Yu’s asylum application is time barred.
II. Adverse Credibility Finding
Yu argues that any omissions or inconsistencies in his testimony cannot serve as a basis for an adverse credibility finding because they did not enhance his claims for relief. However, the fact that Yu testified at the hearing to less severe treatment than he had previously indicated in his written declaration or to Dr. O’Meara is not dispositive. See Kaur v. Gonzales, 418 F.3d 1061, 1065 (9th Cir.2005). Instead, the critical inquiry is the materiality of these inconsistencies— whether they “go to the heart of’ Yu’s claim. See id. at 1064.
The IJ identified several inconsistencies: Yu altered his story regarding whether it was the police or the inmates who abused him; his descriptions of the severity of his abuse were widely discrepant; and he gave discordant accounts of the police’s knowledge of the inmates’ actions. These inconsistencies concern the source and severity of Yu’s mistreatment, which is the crux of his eligibility for relief. Consequently, these inconsistencies indisputably go to the heart of his claim, and are substantial evidence that Yu is not credible. See id.; Desta v. Ashcroft, 365 F.3d 741, 745 (9th Cir.2004).
III.Withholding of Removal
“An alien who fails to establish eligibility for asylum ‘necessarily fails to establish eligibility for withholding of deportation.’ ” Molina-Morales v. INS, 237 F.3d 1048, 1051 (9th Cir.2001) (quoting Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999)).[1] The IJ therefore properly rejected Yu’s withholding of removal claim.
IY. Convention Against Torture
“A failure to establish eligibility for asylum does not necessarily doom an application for relief under the United Nations Convention Against Torture.” Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Where, however, the petitioner’s CAT claims “are based on the same state *593 ments ... that the BIA determined to be not credible,” and the petitioner “points to no other evidence that he could claim the BIA should have considered in making its [CAT] determination,” this court’s affirmation of the adverse credibility finding requires that it “similarly affirm the rejection of ... [the petitioner’s] claim under the Convention Against Torture.” Id. at 1157. Such is the case here. Accordingly, the IJ properly dismissed Yu’s claim for relief under CAT.
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. At oral argument, Petitioner attempted to revive a claim based on his wife's sterilization that he had expressly and repeatedly waived before the IJ. Because of this prior waiver, we may not consider Yu's potential eligibility for relief on this ground.