**Virgil Keith STIMER, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 08–71401.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

Virgil Keith Stimer, Tucson, AZ, pro se.

Thomas J. Clark, Supervisory, Richard T. Morrison, Esquire, Anthony T. Sheehan, Esquire, Robert R. Di Trolio, Esquire, Donald L. Korb, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Virgil Keith Stimer appeals pro se from the tax court's order granting summary judgment for the Commissioner and imposing a penalty under 26 U.S.C. § 6673(a)(1). We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo summary judgment, *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir.2002), and review for an abuse of discretion the imposition of a monetary penalty under section 6673, *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir.1993). We affirm.

The tax court properly granted summary judgment because no triable issue of fact existed regarding the appropriateness of the tax deficiencies and penalties levied against Stimer. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir.1992) (holding that Certificates of Assessments and Payments are "probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that ... assessments were properly made.").

The tax court did not abuse its discretion by imposing on Stimer a monetary penalty under section 6673 for persisting in frivolous litigation and wasting the tax court's limited time and resources. *See Wolf*, 4 F.3d at 716 ("When taxpayers are on notice that they may face sanctions for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

frivolous litigation, the tax court is within its discretion to award sanctions under section 6673.").

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.