MEMORANDUM **
Alice Willis appeals pro se from the Tax Court’s summary judgment allowing the Commissioner of Internal Revenue (“Commissioner”) to proceed with its collection action. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the Tax Court’s grant of summary judgment, Miller v. Comm’r, 310 F.3d 640, 642 (9th Cir.2002), and we affirm.
The Tax Court properly granted the Commissioner’s summary judgment motion because Willis failed to raise any genuine issue of material fact and the record supports the Commissioner’s determination that the collection actions should proceed. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (per curiam) (affirming summary judgment where Commissioner’s evidence supported its assessments and taxpayers relied upon concluso-ry allegations unsupported by facts).
The record does not support Willis’s contentions that the Tax Court improperly *291 conducted a de novo trial and considered evidence outside the administrative record.
Willis’s contention that she was improperly denied a face-to-face collection due process (“CDP”) hearing is unavailing because “[a] CDP hearing may, but is not required to, consist of a face-to-face meeting.” 26 C.F.R. § 301.6330-l(d)(2)(A-D6). Further, Willis failed to respond to requests to provide detailed documentation as to the issues she wished to raise at the hearing and failed to raise a valid challenge to the proposed levy. Cf. 26 C.F.R. § 301.6330-l(d)(2)(A-D7) (stating that a taxpayer who presents relevant, non-frivolous arguments in the CDP hearing request will ordinarily be offered the opportunity for a face-to face meeting).
Willis’s contention that she was not sent a notice of deficiency is unavailing because she has not produced any evidence contradicting the certified mail log showing that notice was mailed. See 26 U.S.C. § 6212(b)(1) (stating that a notice of deficiency addressed to the taxpayer’s last known address suffices for purposes of notice); see also United States v. Zolla, 724 F.2d 808, 810 (9th Cir.1984) (explaining that an official record of mailing was highly probative and sufficient, in the absence of contrary evidence, to show that the notice of deficiency was properly made).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.