FILED

**NOT FOR PUBLICATION**

JUL 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY KONN,<br><br>　　　　　　Petitioner - Appellant,<br><br>　v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　　Respondent - Appellee. | No. 10-73697<br><br>Tax Ct. No. 5050-09L<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2012[**]

Before:　　SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

　　Beverly Konn appeals pro se from the Tax Court's summary judgment

permitting the Commissioner of Internal Revenue ("Commissioner") to proceed

with an action to collect her federal income tax liability for tax year 2004.　We

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482(a).  We review de novo.  *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002).  We affirm.

The Tax Court properly determined that Konn was precluded from challenging her tax liability for tax year 2004 because she received notice of the deficiency but failed to petition the tax court for a deficiency hearing.  *See* 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").  Contrary to her contention on appeal, Konn failed to raise a genuine dispute of material fact as to whether she did not receive the notice of deficiency because she did not submit any evidence contradicting the postal form 3877 submitted by the Commissioner. *See United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (holding that postal form 3877 is highly probative and is sufficient, in the absence of contrary evidence, to show that the notice of deficiency was properly made); *see also Hagner v. United States*, 285 U.S. 427, 430 (1932) (a properly mailed letter carries with it a presumption of receipt).

We do not consider issues that were not raised in the opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**