142 T.C. No. 2

UNITED STATES TAX COURT

CHARLES M. CORBALIS AND LINDA J. CORBALIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8220-13.                         Filed January 27, 2014.

Petitioners seek judicial review of Letters 3477 denying their
claim for interest suspension under I.R.C. sec. 6404(g) and stating
that the determinations are not subject to judicial review under I.R.C.
sec. 6404(h). Respondent has moved to dismiss for lack of
jurisdiction.

<u>Held</u>: The Court has jurisdiction under I.R.C. sec. 6404(h) to
review denials of interest suspension under I.R.C. sec. 6404(g).

<u>Held</u>, <u>further</u>, the Letters 3477 were final determinations for
purposes of I.R.C. sec. 6404(h) even though petitioners' concurrent
claims for abatement under I.R.C. sec. 6404(e) were still pending.

Cory Stigile, Sharyn M. Fisk, Della J. Bauserman, and Charles Paul Rettig, for petitioners.

Najah J. Shariff, for respondent.

OPINION

COHEN, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  The primary issue for decision is whether section 6404(h) applies to denials of interest suspension under section 6404(g).  If so, we must decide whether the notice from which petitioners seek review is a final determination for purposes of section 6404(h)(1).  All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The operative facts are set forth in respondent's motion to dismiss and have not been disputed.  Petitioners resided in California at the time they filed the petition.  Petitioners seek review of four separate Letters 3477 issued by the Internal Revenue Service (IRS) on October 11, 2012, in which the IRS concluded that interest suspension under section 6404(g) does not apply with respect to

taxable years 1996, 1997, 1998, and 1999 because of the effective date and because it does not apply with respect to a liability reported on a return. The explanation attached to each of the letters states that examination of petitioners' returns followed petitioners' having filed two Forms 1045, Application for Tentative Refund. The consequent examination of the returns encompassed 1996, 1997, 1998, 1999, 2001, 2002, 2003, and 2004.

Petitioners assert that the amounts in issue for 1996, 1997, 1998, and 1999 resulted from disallowance of a loss carried back from 2001 and that, therefore, 2001 is also a year in issue and is the year of the relevant tax return for determining whether section 6404(g) applies. Petitioners allege jurisdiction under section 6404(h) and Rule 280. In addition, petitioners allege that they meet the requirements of section 7430(c)(4)(A)(ii) and that a final determination has been made not to abate interest under section 6404.

Each of the Letters 3477 sent to petitioners states: "The judicial review provisions of IRC section 6404(h) do not apply to IRC section 6404(g). Therefore, you do not have appeal rights, nor may you petition the Tax Court for judicial review regarding this letter."

Also on October 11, 2012, the IRS sent to petitioners two separate Letters 2289 disallowing in full petitioners' claim for abatement of interest for taxable

years 1996, 1997, 1998, and 1999 under section 6404(e). Each of these Letters 2289 states: "This is not the IRS's final determination". On November 9, 2012, petitioners filed a protest to the determinations set forth in the Letters 3477 and 2289 dated October 11, 2012.

Deferred Disputes

Respondent asserts that petitioners have not shown that they meet the net worth requirements of section 7430(c)(4)(A)(ii) that are incorporated into section 6404(h). Exhibits concerning petitioners' net worth were identified in the response to respondent's motion but were inadvertently omitted from the filed response. The exhibits were made part of the record by a supplemental filing by petitioners. The exhibits consist of separate affidavits and net worth statements for each petitioner compiled by their accountant and based upon acquisition costs of assets that petitioners provided to the accountant. Although we comment on that dispute below, we do not resolve it at this time.

Respondent's motion to dismiss presents those documents and arguments on which we decide whether the Court has jurisdiction in this case. For further understanding of the context, however, and to indicate which arguments will necessarily be addressed if we conclude that the Court has jurisdiction, we

mention here additional contentions of the parties that appear from the Letters 3477 that the IRS sent to petitioners.

The amounts in dispute for 1996, 1997, 1998, and 1999 apparently arise from settlement of disallowed carrybacks to those years of losses claimed for 2001. The IRS letters state, among other things, that section 6404(g) does not apply to years before 1998 and that interest suspension does not apply with respect to any tax liability reported on a return. The record here is inadequate to decide how section 6404(g) applies to petitioners' loss carrybacks, and the parties have not addressed that issue in their filings. We therefore do not opine on that dispute in this Opinion.

Petitioners have asserted before the IRS various grounds for abatement of interest under section 6404(e) and continue to pursue those claims administratively. They do not dispute that the denial of their section 6404(e) claims was not a final determination. Their petition, however, deals only with interest suspension under section 6404(g).

## Discussion

Statutory Terms

Section 6404(a), (b), (e), and (f) provides:

SEC. 6404. ABATEMENTS.

(a) General Rule.--The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which--

(1) is excessive in amount, or

(2) is assessed after the expiration of the period of limitations properly applicable thereto, or

(3) is erroneously or illegally assessed.

(b) No Claim for Abatement of Income, Estate, and Gift Taxes.--No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B.

\* \* \* \* \* \* \*

(e) Abatement of Interest Attributable to Unreasonable Errors and Delays by Internal Revenue Service.--

(1) In general.--In the case of any assessment of interest on--

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act,

the Secretary may abate the assessment of all or any part of such interest for any period.  For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

(2) Interest abated with respect to erroneous refund check.--The Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made, unless--

(A) the taxpayer (or a related party) has in any way caused such erroneous refund, or

(B) such erroneous refund exceeds $50,000.

(f) Abatement of Any Penalty or Addition to Tax Attributable to Erroneous Written Advice by the Internal Revenue Service.--

(1) In general.--The Secretary shall abate any portion of any penalty or addition to tax attributable to erroneous advice furnished to the taxpayer in writing by an officer or employee of the Internal Revenue Service, acting in such officer's or employee's official capacity.

(2) Limitations.--Paragraph (1) shall apply only if--

    (A) the written advice was reasonably relied upon by the taxpayer and was in response to a specific written request of the taxpayer, and

    (B) the portion of the penalty or addition to tax did not result from a failure by the taxpayer to provide adequate or accurate information.

    (3) Initial regulations.--Within 180 days after the date of the enactment of this subsection, the Secretary shall prescribe such initial regulations as may be necessary to carry out this subsection.

Section 6404(g) was added by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. No. 105-206, sec. 3305(a), 112 Stat. at 743, effective for tax years ending after July 22, 1998.  Section 6404(g) provides:

    SEC. 6404(g).  Suspension of Interest and Certain Penalties Where Secretary Fails to Contact Taxpayer.--

    (1) Suspension.--

     (A) In general.--In the case of an individual who files a return of tax imposed by subtitle A for a taxable year on or before the due date for the return (including extensions), if the Secretary does not provide a notice to the taxpayer specifically stating the taxpayer's liability and the basis for the liability before the close of the 36-month period beginning on the later of--

      (i) the date on which the return is filed; or

(ii) the due date of the return without regard to extensions,

the Secretary shall suspend the imposition of any interest, penalty, addition to tax, or additional amount with respect to any failure relating to the return which is computed by reference to the period of time the failure continues to exist and which is properly allocable to the suspension period.

(B) Separate application.--This paragraph shall be applied separately with respect to each item or adjustment.

If, after the return for a taxable year is filed, the taxpayer provides to the Secretary 1 or more signed written documents showing that the taxpayer owes an additional amount of tax for the taxable year, clause (i) shall be applied by substituting the date the last of the documents was provided for the date on which the return is filed.

(2) Exceptions.--Paragraph (1) shall not apply to--

(A) any penalty imposed by section 6651;

(B) any interest, penalty, addition to tax, or additional amount in a case involving fraud;

(C) any interest, penalty, addition to tax, or additional amount with respect to any tax liability shown on the return;

(D) any interest, penalty, addition to tax, or additional amount with respect to any gross misstatement;

(E) any interest, penalty, addition to tax, or additional amount with respect to any reportable

transaction with respect to which the requirement of section 6664(d)(2)(A) is not met and any listed transaction (as defined in 6707A(c)); or

(F) any criminal penalty.

(3) Suspension period.--For purposes of this subsection, the term "suspension period" means the period--

(A) beginning on the day after the close of the 36-month period under paragraph (1); and

(B) ending on the date which is 21 days after the date on which notice described in paragraph (1)(A) is provided by the Secretary.

The provision for Tax Court review of interest abatement requests was first adopted as part of the RRA 1998. The relevant subsection now provides:

SEC. 6404(h). Review of Denial of Request for Abatement of Interest.--

(1) In general.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

(2) Special rules.--

(A) Date of mailing.--Rules similar to the rules of section 6213 shall apply for purposes of

determining the date of the mailing referred to in paragraph (1).

(B) Relief.--Rules similar to the rules of section 6512(b) shall apply for purposes of this subsection.

(C) Review.--An order of the Tax Court under this subsection shall be reviewable in the same manner as a decision of the Tax Court, but only with respect to the matters determined in such order.

When enacted in 1996 as part of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. No. 104-168, sec. 302(a), 110 Stat. at 1457-1458 (1996) (as amended by TBOR 2 sec. 701(a) and (c)(3), 110 Stat. at 1463, 1464), then section 6404(g), now section 6404(h), for the first time gave this Court jurisdiction to review requests for abatement of interest in the case of proceedings commenced after July 30, 1996. Before the enactment of that provision, the Court generally lacked jurisdiction over issues involving interest. See Yuen v. Commissioner, 112 T.C. 123, 126-127 (1999); 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 354-355 (1987).

Respondent relies on the historic limitations on our jurisdiction over interest and the use of the terms "suspension" and "shall" in section 6404(g) rather than "abatement" and "may" in sections such as 6404(e) in arguing that section 6404(h)

does not apply to petitioners' claims under section 6404(g). Petitioners respond that "abatement" in the title and context of section 6404 includes "suspension" and that "decisions under Section 6404(g) are not in the absolute discretion of Respondent and are more susceptible to Tax Court review than decisions under Section 6404(e)(1)." The parties agree only that the legislative history of section 6404(g) is silent on the subject of this dispute.

Respondent also cites Rev. Proc. 2005-38, sec. 205, 2005-28 I.R.B. 81, 81, without quoting the applicable text. That text, and the related section 3.03, are as follows:

SECTION 2.  BACKGROUND

\* \* \* \* \* \* \*

.05 Section 6404(h) provides the United States Tax Court with jurisdiction over any action brought by a taxpayer who meets the requirements of section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest was an abuse of discretion, and to order an abatement. The action must be brought within 180 days after the date of mailing of the Secretary's final determination not to abate interest.

The judicial review provisions of section 6404(h) apply where the Service has abused its discretion by failing to abate interest as provided by section 6404. These provisions do not apply where the Service has failed to suspend interest under section 6404(g), except as provided in paragraph 3.03 below.

SECTION 3.  ADMINISTRATIVE REVIEW PROCEDURE

*　　*　　*　　*　　*　　*　　*

.03  If a taxpayer asserts that the Service failed to suspend interest under section 6404(g) as a result of an unreasonable error or delay in performing a ministerial or managerial act within the meaning of section 6404(e), the taxpayer may submit a claim for abatement on Form 843.  The Service will consider the claim and issue a notice of final determination.  If the Service denies the taxpayer's claim in whole or in part, taxpayers who meet the requirements referred to in section 7430(c)(4)(A)(ii) may petition the Tax Court under section 6404(h) to determine whether the denial was an abuse of discretion.  Pursuant to section 6404(b), a claim may not be submitted under this section 3.03 asserting only that interest was assessed for periods during which interest should have been suspended under section 6404(g).

Petitioners argue that Rev. Proc. 2005-38, sec. 2.05, states an exception to a general rule in section 3.03.  Respondent replies that petitioners have ignored the last sentence of the revenue procedure and that

A more intuitive interpretation of the revenue procedure, which is presented in the Motion at paragraphs 31-32, is that paragraph 3.03 provides guidance for circumstances where the elements of both I.R.C. § 6404 (e) and I.R.C. § 6404 (g) are met. In that special case, taxpayers may file a claim for abatement under I.R.C. § 6404 (e) of interest that rightfully should have been suspended under I.R.C. § 6404 (g), but for unreasonable error or delay on behalf of an officer or employee of respondent in the performance of a managerial or ministerial function.

Respondent does not argue that the revenue procedure is entitled to deference or provide an explanation of the reasoning behind it. There is no explanation of why section 6404(b) precludes section 6404(h) judicial review of section 6404(g) determinations while not conflicting with judicial review of section 6404(e) determinations. The apparent purpose of the subsections of section 6404 is to lay out specific exceptions to and extensions of the general rule in section 6404(a). Otherwise section 6404(b) would seem to contradict section 6404(e) and (f) to the same extent that respondent suggests that it restricts section 6404(g).

In many cases, we have discussed the deference due to pronouncements of the IRS. See, e.g., Taproot Admin. Servs., Inc. v. Commissioner, 133 T.C. 202, 208-210 (2009) (dealing with a disputed revenue ruling), aff'd, 679 F.3d 1109 (9th Cir. 2012). Revenue rulings are "an official interpretation by the Service". Sec. 601.601(d)(2)(i)(a), Statement of Procedural Rules. By contrast, section 601.601(d)(2)(i)(b), Statement of Procedural Rules, states that "[a] 'Revenue Procedure' is a statement of procedure that affects the rights or duties of taxpayers or other members of the public under the Code and related statutes or information that, although not necessarily affecting the rights and duties of the public, should be a matter of public knowledge." A statement of procedure does not purport to be an official interpretation, and respondent does not argue here that the procedure

is entitled to deference as an interpretation of section 6404. The revenue procedure, in respondent's terms, "provides guidance for circumstances" in which taxpayers may file a claim for abatement of interest that should have been suspended. Respondent argues only "an intuitive interpretation" of the procedural guidance.

There is no reasoning in support of the conclusion stated in the revenue procedure, and we discern none for distinguishing between section 6404(e) requests and section 6404(g) requests. Thus, the revenue procedure is not entitled to deference. See Exxon Mobil Corp. v. Commissioner, 689 F.3d 191, 200 (2d Cir. 2012), aff'g 136 T.C. 99, 117 (2011). A procedural pronouncement cannot restrict or revise section 6404(h). See Commissioner v. Schleier, 515 U.S. 323, 336 n.8 (1995); Estate of Kunze v. Commissioner, 233 F.3d 948, 952 (7th Cir. 2000), aff'g T.C. Memo. 1999-344. The wording and context of the statute, supplemented by more general legal principles, control.

First, we agree with petitioners that all of section 6404 deals with abatement, of which suspension is a category. A claim that interest should have been suspended for a period is the logical equivalent of a claim for abatement of interest that has been assessed for that period. As petitioners explain,

> Under Section 6404(g), interest begins to accrue on a liability from the due date of the return until Respondent issues a notice stating a liability and the basis for that liability within 18-months [currently 36-months] of the later of due date of the return or the date the return was filed. See IRC §6404(g). If Respondent fails to issue the notice by the time prescribed, the interest accrued on the liability during the suspension period is <u>abated</u>. If Respondent issues the notice within the time period prescribed, the accrued interest remains assessed. That the Code provides for the specific term "suspension period" does not mean that the later elimination of interest for that period is not in fact an abatement.

We agree with petitioners' explanation. Although the factual record is incomplete, it appears from the Letters 3477 that the interest in dispute has been assessed. If the assessment is erroneous because part of the interest should have been suspended, abatement would be the remedy.

The Court has stated, without limitation, that "section 6404(h) authorizes the Court to review for an abuse of discretion the Commissioner's refusal to abate interest under section 6404." <u>Urbano v. Commissioner</u>, 122 T.C. 384, 390 (2004) (citing <u>Woodral v. Commissioner</u>, 112 T.C. 19, 22-23 (1999)). We see no persuasive reason why, as suggested by respondent, petitioners should have to seek recourse on their suspension of interest claim in another court. See <u>Hinck v. United States</u>, 550 U.S. 501, 506-508 (2007) (discussing congressional intent to provide exclusive jurisdiction to the Tax Court in interest abatement cases).

We see no persuasive reason why interest suspension, when enacted in the RRA 1998, was to be treated separately from interest abatement for purposes of judicial review. When the interest suspension provision was adopted in 1998, the judicial review provision was redesignated by the RRA 1998 from section 6404(g) to section 6404(i); it was changed to section 6404(h) in 2002 by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. No. 107-134, sec. 112(d)(1), 115 Stat. at 2434. In each version of the statute, the provision for judicial review follows the types of determinations subject to review. We are cognizant of section 7806(b), which provides in part that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title". However, we can consider the similarity of terms and provisions within the Code as an aid to interpretation. See Pen Coal Corp. v. Commissioner, 107 T.C. 249, 256, 258 (1996). What subsections (e), (f), and (g) of section 6404 have in common is that they are relief provisions for taxpayers affected by errors or omissions of the IRS. We see no reason to characterize differently the effect of the grant of jurisdiction to review denials of abatement under these subsections.

Second, we agree with petitioners that nondiscretionary acts, suggested by the use of "shall" in a statute, are more susceptible of judicial review than

discretionary acts.  Historically, clear indications of congressional intent to subject discretionary administrative action to judicial review have been required.  See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971) (interpreting 5 U.S.C. sec. 701(a)(2), which exempts discretionary administrative action from judicial review), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977); Argabright v. United States, 35 F.3d 472, 475 (9th Cir. 1994); Selman v. United States, 941 F.2d 1060, 1064 (10th Cir. 1991); Horton Homes, Inc. v. United States, 936 F.2d 548, 551-552 (11th Cir. 1991).  The enactment of section 6404(h), initially as section 6404(g), rendered obsolete cases such as Argabright, Selman, and Horton Homes, which denied judicial review of IRS discretionary denials of abatement of interest.  See Miller v. Commissioner, 310 F.3d 640, 643 (9th Cir. 2002), aff'g T.C. Memo. 2000-196.  Cases mentioning but not applying the interest suspension provisions of section 6404(g) were deficiency cases that did not involve a final determination not to suspend interest that had been assessed or involved years before the effective date of section 6404(h).  None held that we lack jurisdiction under section 6404(g).  See, e.g., Fields v. Commissioner, T.C. Memo. 2008-207, slip op. at 10 n.4; Matthews v. Commissioner, T.C. Memo. 2008-126; Goode v. Commissioner, T.C. Memo. 2006-48.  Comments in factually distinguishable situations are not controlling and,

in any event, could be interpreted as implying that section 6404(h) applied to claims for suspension of interest in other circumstances, i.e., where the interest had been assessed and for years after the effective date. To the extent that respondent relies on history, we conclude that the history relied on has been undermined by the enactment of judicial review provisions now found in section 6404(h). See Miller v. Commissioner, 310 F.3d at 643.

We see no merit in respondent's reliance on the use of "shall" in section 6404(g) to argue against reviewability of the IRS decision with respect to suspension of interest. The use of "shall" in section 6404(e)(2), for example, does not preclude review in this Court of administrative decisions under that section. See Allcorn v. Commissioner, 139 T.C. 53, 66 (2012); Pettyjohn v. Commissioner, T.C. Memo. 2001-227.

Third, respondent's position ignores a strong presumption that the actions of an administrative agency are subject to judicial review. See United States v. Winthrop Towers, 628 F.2d 1028, 1032, 1035 (7th Cir. 1980); Roski v. Commissioner, 128 T.C. 113, 122 (2007); Estate of Gardner v. Commissioner, 82 T.C. 989, 994 (1984).

In Estate of Gardner, we held that the Court has jurisdiction to review denial of an extension of time for filing an estate tax return under section 6081(a). We

first looked to the overall statutory scheme to see whether it disclosed any basis for inferring "nonreviewability". Estate of Gardner v. Commissioner, 82 T.C. at 996. We see no such basis in section 6404. Second, we concluded that there were ascertainable standards upon which to base our review. Id. at 997. Section 6404(g) sets out specific guidelines for suspension of interest. The Court is well equipped to make the factual determinations required under that provision. Next, in Estate of Gardner, we concluded that the action of the IRS with respect to requests for extensions of time for filing were a suitable subject for judicial review because "[t]here is nothing to suggest that respondent's exercise of discretion * * * involves any agency expertise beyond the competence of courts." Id. at 997-998. We see no special factors with respect to suspension of interest distinguishing it from other issues over which this Court has jurisdiction. Finally, we commented that our review of an IRS action denying the request of the taxpayer would not impair the Commissioner's ability to carry out congressionally assigned duties. Id. at 998. The same comment applies in this case.

For the foregoing reasons, we hold that denials of interest suspension under section 6404(g) are not excluded from judicial review in this Court under section 6404(h).

Final Determination

Respondent's moving papers refer to the statements in Letters 2289 that the letters were not the IRS' final determination and that the administrative proceedings involving petitioners' claim for abatement under section 6404(e) are ongoing. Thus, respondent argues petitioners' petition is premature.

Petitioners cite Gray v. Commissioner, 138 T.C. 295 (2012), aff'd, 723 F.3d 790 (7th Cir. 2013), for the holding that a final determination need not be made by a formal letter stating that it is a final determination. The Court dismissed as meritless respondent's suggestion that there was no final determination "because it did not occur in connection with a stand-alone request for interest abatement under section 6404 or because it was not made on a Letter 3180, Final Determination Letter for Fully Disallowing an Interest Abatement Claim". Id. at 304; see also Cooper v. Commissioner, 135 T.C. 70, 75 (2010) (holding that jurisdiction is established when the Commissioner issues a written notice embodying a determination without regard to the name or label of the document).

The Letters 3477 sent to petitioners denied their claim to interest suspension and took the position that petitioners could not petition this Court for judicial review. Thus, if upheld by the Court, the IRS denial of interest suspension and disavowal of the right to judicial review under section 6404(h) would leave

petitioners with no further recourse, which is a final determination. Although the contemporaneous Letters 2289 anticipated further proceedings with respect to the claim for abatement under section 6404(e) for unreasonable errors and delays by the IRS, the claim based on section 6404(g) is severable to the extent that it relies only on the periods established for the IRS to contact the taxpayer with regard to a tax liability. See Gray v. Commissioner, 138 T.C. at 305. If petitioners had delayed filing a petition under section 6404(g), respondent might argue that the petition was untimely under section 6404(h)(1) because it was not brought within 180 days of the letters rejecting their claim for interest suspension. See sec. 6404(h)(l). We conclude that the Letters 3477 were final determinations for jurisdictional purposes under section 6404(h).

Section 7430(c)(4)(A)(ii)

Respondent's motion argues that there is "no evidence" to support petitioners' allegations that they meet the net worth requirements of section 7430(c)(4)(A)(ii) or that they are a "prevailing party" entitled to bring an action under section 6404(h). Respondent thus asserts that the petition is premature.

Respondent's reference to "prevailing party" is anomalous in this context, because there would be no interest accruing on a tax liability to the extent that taxpayers prevail on an underlying issue. We infer, therefore, that the

incorporation into section 6404(h) of section 7430(c) requirements refers only to net worth requirements set forth in 28 U.S.C. sec. 2412(d). See Estate of Kunze v. Commissioner, T.C. Memo. 1999-344.

Respondent also contends that we should disregard the affidavits and net worth statements of petitioners as unreliable. Respondent acknowledges that in the case of a husband and wife, the net worth test is applied to each separately. See Hong v. Commissioner, 100 T.C. 88, 91 (1993). Respondent also "acknowledges that the current state of the law is to use acquisition cost, adjusted for depreciation, rather than fair market value to compute net worth." See Swanson v. Commissioner, 106 T.C. 76, 94-97 (1996). However, respondent asserts that fair market value is the better standard to use rather than acquisition cost, citing Powers v. Commissioner, 100 T.C. 457, 483-484 (1993) (accepting fair market values which had declined significantly from acquisition costs), aff'd in part, rev'd in part, 43 F.3d 172 (5th Cir. 1995), and section 301.7430-5(g)(1), Proposed Income Tax Regs., 74 Fed. Reg. 61589-01, 61595-61596 (Nov. 25, 2009). Neither Powers, a case decided before Swanson, nor a proposed regulation changes the existing law on this subject. We decline to do so in a case in which the relevant facts have not been determined.

The petition alleges that petitioners meet the requirements of section 7430(c)(4)(A)(ii). Such an allegation is required in the petition and is inherently subject to proof, but "evidence" is not appropriately included in a petition. See Rule 281(b)(5). Petitioners' net worth and other qualifications to maintain an action under section 6404 are better decided in subsequent proceedings in which evidence may be taken. See Gray v. Commissioner, 138 T.C. at 306. We decline to disregard the pleading and affidavits on the present record.

Although petitioners' entitlement to bring this action and to suspension of interest may be subject to further obstacles, we conclude that the Court has jurisdiction under section 6404(h) to review denials of interest suspension under section 6404(g) and that the IRS Letters 3477 contained final determinations sufficient to give the Court jurisdiction in this case.

An order denying respondent's motion to dismiss will be issued.