**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ANDREW BIGLEY, | Nos. 14-71160, |
| Petitioner-Appellant, | 14-71161 |
| v. | Tax Ct. Nos. 17529-12L, |
| COMMISSIONER OF INTERNAL REVENUE, | 17747-12L |
| | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from Decisions of the
United States Tax Court

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Michael Andrew Bigley appeals pro se from the Tax Court's summary

judgment in his action challenging the Internal Revenue Service's determination to

proceed with proposed collection actions for tax years 2004, 2005, and 2006. We

have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo. *Miller v.*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002). We affirm.

The Tax Court properly determined that the IRS did not abuse its discretion in sustaining the proposed levy actions because the settlement officer verified that the requirements of any applicable law or administrative procedure have been met, considered issues raised by Bigley at the hearing, and balanced the need to collect taxes with the intrusiveness any collection action would have on Bigley. *See* 26 U.S.C. § 6330(c)(3) (setting forth matters an appeals officer must consider in making a determination to sustain a proposed levy action); *see also Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006) (reviewing Commissioner's actions for an abuse of discretion). Moreover, the Tax Court properly concluded that Bigley was not entitled to challenge his underlying tax liability during his Collection Due Process hearing because he was sent a statutory notice of deficiency. *See* 26 U.S.C. § 6330(c)(2)(B).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-71161