**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RITA BARRETT,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>     Respondent-Appellee. | No. 16-73031<br><br>Tax Ct. No. 26207-15<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Rita Barrett appeals pro se from the Tax Court's summary judgment in her action challenging the disallowance of her request for an abatement of interest for the tax year 1976. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo. *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Tax Court properly granted summary judgment on the basis of res judicata because Barrett raised the same claim regarding abatement of interest for the 1976 tax year in a prior tax court proceeding that was decided on the merits. *See Baker v. IRS (In re Baker)*, 74 F.3d 906, 910 (9th Cir. 1996) ("Under th[e] doctrine [of res judicata], a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action."). Contrary to Barrett's contentions, Barrett failed to identify any new evidence or fraudulent conduct that would preclude the application of res judicata.

We reject as meritless Barrett's contention that her case was not adequately considered as a result of the assignment to a new judge.

Because we affirm on the basis of res judicata, we do not consider the merits of Barrett's claims.

**AFFIRMED.**