NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES R. HEFFLIN; PATTI A. HEFFLIN, Petitioners-Appellants, v. COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee. | No. 18-72551 Tax Ct. No. 7164-17L MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

James R. Hefflin and Patti A. Hefflin appeal pro se from the Tax Court's

summary judgment for the Commissioner of Internal Revenue in the Hefflins'

petition seeking review of the Internal Revenue Service Appeals Office's

determination upholding the filing of a notice of federal tax lien.  We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo. *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002). We affirm.

The Tax Court properly granted summary judgment for the Commissioner because petitioners failed to raise a genuine dispute of material fact as to whether the IRS Appeals Office abused its discretion in determining that the notice of federal tax lien was not erroneously filed. *See* 26 C.F.R. § 301.6159–1(f)(3)(i)(B) (actions the IRS may take with regard to liability identified in an installment agreement includes filing a notice of federal tax lien); *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006) (discussing standard of review).

We reject as unsupported by the record the Hefflins' contentions regarding retaliation and violation of their due process rights.

We do not consider the Hefflins' contentions regarding the existence or amount of the underlying tax liability. *See Comm'r v. McCoy*, 484 U.S. 3, 6 (1987) (court of appeals lacks jurisdiction to decide an issue not before the Tax Court or to grant relief beyond the powers of the Tax Court); *see also* 26 U.S.C. § 6330(c)(2)(B) (taxpayer may challenge existence or amount of underlying tax

18-72551

liability only if taxpayer did not otherwise have an opportunity to dispute such liability), § 6330(c)(4) (taxpayer may not raise issues at a collection due process hearing already considered at a prior hearing).

**AFFIRMED.**